## *The* State *vs.* Delesdernier.

On *certiorari,* it appearing by the record of the Court of Sessions sent up, that a member of that Court was the owner of certain land over which a County road was located, at the time of the adjudication that such road was of common convenience and necessity, and when the return of the committee was accepted; and it not appearing *by the record,* (he being present) that he did not participate in the proceedings — they were *quashed.*

The procedings were further held to be irregular, *one of the petitioners* having been appointed, and having acted as one of a committee of three to lay out the road.

This case is sufficiently stated in the opinion of the Court, which was delivered by

Parris J. — This is a *certiorari* requiring the Cöunty Commissioners to certify the proceedings of the late Court of Sessions for this county, laying out a road, on the application of the respondent and others, over certain unincorporated townships.

On examining the record it appears that the road, as prayed for, was to pass over part of a township owned by *Joseph Whitney, Esq.,* and that the said *Whitney* was a member of the Court of Sessions, and was present at the adjudication by said Court, that the road was of common convenience and necessity, and at the appointment of a committee to lay out the same.

It also appears that the road was laid *three hundred and twenty-six rods* on said *Whitney's* land, and that he was a member of said Court, and acting as such, when the return of the Committee was accepted; — that objections were offered to its acceptance, which were overruled by the Court. It is said that *Mr. Whitney* took no part in these proceedings, and that the adjudication and acceptance were ordered by the other members of the Court. If so, the record does not speak the truth. We are, however, bound to consider that as evidence of the proceedings in the case; — and, upon such evidence, we have no doubt of the irregularity of the proceedings.

It further appears that *Asa A. Pond* was a petitioner for the road, and that he was appointed and acted as one of the committee of three to lay it out. The statute requires the committee to

be *disinterested* freeholders. Much is confided to the judgment of such a committee. They are to estimate damages, and frequently have discretionary power as to the particular direction and location of the road. They are to have regard, not only to the public convenience, but to the interest and convenience of those over whose land the road is laid. — Private property is to be taken for public use ; — individual rights are to be encroached upon ; and we cannot believe that it was intended to require of the citizen to submit the question whether his property shall be thus taken, and also the question of damages to the decision of those who have petitioned for the road.

*The proceedings must be quashed.*

*R. K. Porter*, for the respondents.

