EDMONDS *vs.* BUEL.

The law does not require an indifferent person, to whom a writ of attachment is directed for service, and who attaches property thereon, to make oath to the truth of his return.

In an action of trespass, for taking and carrying away a wagon, the defendant, in justification of the acts complained of, offered in evidence a writ of attachment, directed to him as an indifferent person, for service, and by virtue of which he took the property in question. To the admission of this evidence, the plaintiff objected, on the sole ground that the defendant did not make oath to the truth of his return, before judgment was rendered in the suit, upon which said property was taken. Held, that the defendant did not become a trespasser, by merely omitting to verify his return by his oath.

THIS was an action of trespass, for taking and carrying away the plaintiff's wagon. The cause was tried to the jury, before the county court for Middlesex county, at the December term, 1853.

On the trial, the defendant, in justification of the acts complained of, offered in evidence a writ of attachment, directed to him as an indifferent person, and returnable before a justice of the peace, by virtue of which, he took the property in question. To the admission of this evidence the plaintiff objected, upon the sole ground, that the defendant had not made oath to the truth of his endorsement on the writ, until one day after judgment had been rendered by the justice in the suit upon it. But the court overruled the objection, and admitted the evidence. The defendant having obtained a verdict, the plaintiff filed a bill of exceptions, and a motion in error to the superior court, where, at the December term of that court, in 1853, the case was reserved for the advice of this court.

*W. D. Shipman* and *Culver*, for the plaintiff.

*Spencer*, for the defendant.

WAITE, J.   The defendant, in the present case, is charged with a trespass in taking the plaintiff's property, which he attached, upon a writ, directed to him, as an indifferent person.   The only objection made to the legality of his proceedings is, that he did not make oath to the truth of his endorsement, before judgment in the suit was rendered.

The statute, authorizing the service of writs by an indifferent person, does not require such oath, to render the doings legal.   It is not so with respect to the oath required of the plaintiff, as to the necessity for directing a writ to an indifferent person.   That oath must be taken, and the magistrate, issuing the writ, must certify upon it that he administered the oath, and unless this is done, the process will not be legal, nor afford any protection to the person serving it.

But the affidavit of an indifferent person, as to the service of the writ, is mere evidence in support of his return, and, when made, places the return upon the same ground, as that made by a sheriff or constable, under his official oath, upon an ordinary writ.   The court, to which such a writ is returned, ought to be satisfied by proper evidence, that it has been legally served, before proceeding to render judgment in the suit.   And although the oath of the party serving the process is the usual and proper mode of proving the service, yet we know of no law rendering such oath indispensable.

The practice is not so in other cases.   Our statutes authorize the superior and county courts, and the judges of those courts, to make orders relative to the notice to be given to defendants, in suits in chancery, and for divorce, residing out of the state.   Such notices are frequently given by indifferent persons, and their oaths are not always required to prove the notice.   The court may find the fact upon any legal and satisfactory evidence, and this is frequently done.

In the present case, the endorsement of the defendant upon the writ, unsupported by any other evidence, would not, of itself, prove the matters therein set forth.   But we do not

consider the oath of the defendant indispensably necessary for that purpose, or that he became a trespasser, by merely omitting to verify his return by oath, before judgment on the suit was rendered.

For these reasons, we are of opinion that there is no error in the proceedings of the county court, and we so advise the superior court.

In this opinion the other judges concurred, except CHURCH, C. J., who was absent when the case was argued.

Judgment affirmed.