### ALLEN WOLCOTT *vs.* PELATIAH ELY.

One who has been in possession of land claiming the fee may maintain a writ of entry against another who has ejected him therefrom under a void levy of an execution against a former owner.

The appointment by an officer of a son-in-law of a judgment creditor as an appraiser of land seized on execution renders void a levy based on an appraisement, in which such appraiser took part.

An officer cannot be allowed to amend his return upon an execution by the addition of certain facts necessary to render his proceedings under the same valid, if other facts are untruly stated therein, and the whole return, if amended so as to conform to the truth, would show that the levy was invalid.

WRIT OF ENTRY. It was agreed in the superior court, that the demandant went into possession of the demanded premises under a deed from Novatus Ely, dated September 24th 1855, which the tenant contended was void for want of compliance with the provisions of *Sts.* 1851, *c.* 340, § 6, and 1855, *c.* 238, § 5, relating to homesteads, and occupied the same until February 24th 1857, when the tenant, having recovered judgment against Novatus Ely in an action commenced on the 30th of January 1855, in which all his real estate was attached, caused the premises to be levied upon and set off on the execution, and was put into possession thereof by the officer. That part of the officer's return which relates to the appointment of appraisers is as follows : " By virtue of this execution, I this day seized the real estate described in the foregoing certificate of the appraisers, and caused three disinterested and discreet men to be sworn as appraisers as above, to wit, James Oaks, who was appointed by the within named Pelatiah Ely, the creditor ; Abraham Ives and Watson Ely, who were both appointed by me, Charles Winchester, attorney for Novatus Ely, having been duly notified and neglected to choose an appraiser." At the time of the levy, Watson Ely was a son-in-law of Pelatiah Ely ; Novatus Ely was out of the Commonwealth ; and Charles Winchester was his attorney of record in the suit of the tenant against him. It was also agreed that if it is now competent for the officer to amend his return by stating the last two facts, the amendment is to be considered as having been made.

Certain other facts were agreed which are now immaterial; and, upon the whole case, *Brigham,* J. ordered judgment for the tenant, and the demandant appealed.

*H. Morris & C. A. Winchester,* for the demandant. The tenant must show a strict compliance with the provisions of the statute on which his title is founded. *Metcalf* v. *Gillet,* 5 Conn. 400. *Mitchell* v. *Kirtland,* 7 Conn. 229. The levy is void, because, 1. No reason is given in the return for notifying Winchester to appoint an appraiser for Novatus Ely; *Leonard* v. *Bryant,* 2 Cush. 32. *Shields* v. *Hastings,* 10 Cush. 247. 2. Because one of the appraisers was not disinterested, within the meaning of the statute. *Strong* v. *Strong,* 9 Cush. 570. *Boston* v. *Tileston,* 11 Mass. 468. *Stoddard* v. *Moulthrop,* 9 Conn. 502. *Fox* v. *Hills,* 1 Conn. 295. *Mitchell* v. *Kirtland,* 7 Conn. 229. *Johnson* v. *Huntington,* 13 Conn. 47.

*J. Wells & A. L. Soule,* for the tenant. The return of the officer that the appraisers were disinterested and discreet men is conclusive. *Estabrook* v. *Hapgood,* 10 Mass. 313. *Lawrence* v. *Pond,* 17 Mass. 433. *Whitaker* v. *Sumner,* 7 Pick. 551. *Bates* v. *Willard,* 10 Met. 80. The officer may amend his return by stating the facts referred to. *Chase* v. *Merrimack Bank,* 19 Pick. 564. *Hart* v. *Adams,* 7 Gray, 581. *Thatcher* v. *Miller,* 11 Mass. 413. *Commonwealth* v. *Parker,* 2 Pick. 550. *Pratt* v. *Wheeler,* 6 Gray, 520.

HOAR, J. The demandant had the elder possession, claiming the fee, and he is therefore entitled to judgment, unless the tenant has shown a better title. The title of the tenant is under the levy of an execution, and to the validity of this two objections are made: first, that the return of the officer does not show a proper notice to the execution debtor to appoint an appraiser; and secondly, that one of the appraisers appointed by the officer was the son-in-law of the creditor, and so was not " a disinterested and discreet man," according to the provisions of Rev. Sts. c. 73, § 3. The latter objection we think must prevail. The appraisers are to determine conclusively the price at which the debtor's land is to be applied in satisfaction of the creditor's demand. They are to decide between the parties upon a

question important to their rights. In requiring that they should be disinterested, we do not think the legislature intended merely an exclusion of direct pecuniary interest in the result. Near affinity by blood or marriage is equally a disqualification. It is said by Lord Coke that "if the sheriff (who returns the jury), marry the daughter of either party, or *e converso*, this is a principal challenge." Co. Litt. 156 a. And the same rule has been applied in setting aside an award for partiality of an arbitrator. *Butcher of Croydon's case*, cited in *Earl* v. *Stocker*, 2 Vern. 251. In Connecticut, where the statute provides that appraisers shall be " indifferent freeholders," it has been held that where one of the appraisers was a nephew by marriage, the levy was void for that reason. *Fox* v. *Hills*, 1 Conn. 295. The court say that " indifferent " means " impartial "; and that it may reasonably be presumed that a near relative will be under the influence of partiality. See also 7 Conn. 229; 9 Conn. 502; 13 Conn. 47. One of the definitions of " disinterested " given by Webster is " indifferent." Worcester gives as one meaning, " superior to private regards "; and he defines " indifferent " as " having no choice or preference." If only a pecuniary interest were intended, the creditor, with the aid of the officer, might have for appraisers his father, son and brother.

But the tenant contends that as the officer in his return states that the appraisers were " discreet and disinterested," the return is conclusive, and the objection not open to the demandant. It was held in *Boston* v. *Tileston*, 11 Mass. 468, that where the parties in an agreed statement of facts agree to a fact decisive of the title, the officer's return, which would have been conclusive evidence upon a trial between them, is *not* to be regarded. There is another ground which is decisive against the levy. It is undoubtedly defective, because the return does not show that due notice was given to the debtor to choose an appraiser. This is a formal defect merely; and the parties have agreed, that if it was competent for the court below to allow an amendment of the return, according to the fact, such an amendment shall be taken to have been made. But we do not think it within the proper limits of judicial discretion to allow an officer to

amend a formal defect in his return, when facts are untruly stated in other parts of the return ; and when, if the whole return were amended to conform to the truth, the amendment would be ineffectual and useless. If any amendment is allowed, it must show the whole truth.

*Judgment for the demandant.*