WILLIAM S. WHITE *vs.* THE WASHINGTON SCHOOL DISTRICT.

42  541
71  100

42  541
74  727

The statute (Gen. Statutes, 1875, p. 360, sec. 11,) which gives to subcontractors a right to file a lien upon buildings, provides that they shall, in a certain prescribed mode, give notice to the owner of the building of their intention to file a lien.   Held that where the notice was not given in the mode prescribed, the owner could not waive the defect, so as to make the lien filed a valid one as against other parties claiming liens.

Where there were several liens of subcontractors, and the amount due from the owner to the original contractor was not sufficient for their payment in full, and the owner apportioned the fund pro rata among them, it was held that one of the claimants, who had objected to the division and refused to take his pro rata share, could take advantage of the defective character of the liens of the others in respect to the notice, and that the owner could not avail himself of the payments made to them.

BILL to foreclose a lien for materials furnished for a building; brought to the City Court of the city of Hartford. The following facts were found by the court, upon the petition and answer.

One Joseph E. R. Pierce had taken of the respondents, a school district of the town of Hartford, the contract to build a school house upon land owned by the district. The petitioner sold to Pierce materials for the building and duly filed and had perfected a lien upon the building for the amount due, which was $185.61, giving written notice, as required by the statute, to the school district. This has never been paid.

When the school house was completed, there was due to Pierce upon the contract a balance of $1,394.47. Several persons had filed liens upon the building, all of whose claims, with that of the petitioner, amounted to $2,504.03. The claimants met the officers of the district and proposed to them to divide the balance due Pierce among the claimants pro rata. The petitioner's share as thus made out was $101.90. He however objected to the division and refused to receive his share when afterwards tendered to him. The others were paid their pro rata share.

Of the other claimants three, whose claims together amounted to $1,361.68, had failed to cause true and attested copies of their certificates of lien to be left with the school district, as required by the statute, and if their claims were deducted from the whole amount, there would be enough of the fund left to pay the petitioner in full. The counsel for the respondents claimed however that the school district, by recognizing their liens as valid liens and by paying the same in good faith, had waived the service of legal notice upon them, and that they had a right to make such waiver.

The court (*Sumner, J.,*) held that there had been no valid

waiver, and passed a decree for the petitioner for the full amount of his claim. The respondents brought the record before this court by a motion in error.

*Cole*, for the plaintiffs in error.

1. The service of notice which the statute requires a mechanic or material-man to make upon the owner of real property in order to sustain his claim of lien, is a personal right given to protect the owner, and may be waived by him. Rev. St. 1866, p. 550, sec. 4. The provision of this statute is similar to that for the service of legal process, and by analogy service may be accepted or waived in the same manner. Rev. St. 1866, p. 4, sec. 16.

2. The district having the right waived the formalities of service required by statute. *Post* v. *Williams*, 33 Conn., 147, and cases cited; *Fowler* v. *Bishop*, 32 id., 199; *Woodruff* v. *Bacon*, 34 id., 181; *Cook* v. *Morse*, 40 id., 544; *Stanton* v. *Haverhill Bridge Co.*, 14 Am. Law Reg., N. S., 469.

3. The district, having in good faith paid the lien-holders pro rata, ought to be protected against the inequitable claim of the petitioner to be paid in full. This court as a court of equity has power to adjust the matter according to the principles of equity.

*Sill*, for the defendant in error.

The statute must be strictly complied with. Phillips on Mech. Liens, § 338; *Beals* v. *Congregation B'nai Jeshurun*, 1 E. D. Smith, 654; *Shelby* v. *Hicks*, 5 Sneed, 197. Its requirements can not be waived except by the owner as against himself. *Stewart* v. *Christy*, 15 Louis. Ann., 325. When a statute prescribes a certain mode of giving notice, courts cannot dispense with it and substitute something else. *Williams* v. *Tearney*, 8 Serg. & R., 58.

FOSTER, J. There is no dispute as to the amount of the plaintiff's claim against Joseph E. R. Pierce, and that that claim is due and unpaid. Pierce was a contractor with the defendants to construct for them a schoolhouse, and this debt

to the plaintiff was incurred for services rendered and materials furnished by him in the erection and construction of the same. It is admitted that all the acts by law made necessary to be done on the part of the plaintiff to create a lien on the premises, have been done. The matter in controversy is as to the amount of the lien. The plaintiff claims that it should be for the whole sum due from Pierce; the defendants insist that it should be for a portion only, a little more than one-half of that amount.

It appears that when the contract for the building was completed, there was due Pierce, from the district, $1,394.47. Divers persons had claims against him of the same character with that of the plaintiff, for work done and materials furnished on the contract, amounting, with that of the plaintiff, to the sum of $2,540.03. The defendants proposed to divide the sum they owed Pierce among these several claimants, pro rata. Most or all of the claimants, except the plaintiff, acceded to this proposition. He insisted on being paid in full. The court below sustained his claim, and rendered judgment and passed a decree accordingly in his favor.

Is it error?

Our statute provides that no lien shall attach to any building, &c., in favor of any subcontractor, to a greater amount, in the whole, than the price which the owner agreed to pay for such building, &c. It also provides, that in determining the amount to which any lien shall attach upon any land or building, the owner of the same shall be allowed whatever payments he shall have made, in good faith, to the original contractor, before receiving notice of the lien which is claimed. Where the amount of the lien or liens claimed exceeds the amount of the price the owner was to pay for the building, or the amount of the balance due from him to the original contractor, ascertained as aforesaid, the law authorizes an apportionment to be made by the court, of the sum due, among the claimants, in proportion to the amount of their several debts. Gen. Statutes, Rev. of 1875, p. 360, sec. 12. The amount of the liens claimed in this case is, as we have seen, much larger than the sum found due, and the question is whether the plain-

tiff must take his apportionment, or is entitled to the full sum.

If all the claimants had taken the steps required by law to fix their liens upon the premises, of course all would be equally entitled, and there would be an apportionment among them of the sum due, pro rata.   The record however discloses the fact, that of the amount of liens claimed, $2,540.03, certain claimants, who represent $1,361.68, have not taken all the steps required by law to establish a lien upon the premises.   That being the case, no lien has been created in favor of those claimants.   The sum due them being disregarded, as it must be, in estimating the amount of the liens, the amount due from the defendants to Pierce, the contractor, is more than sufficient to pay the plaintiff in full, together with all the other claimants for liens.

We can give no countenance to the claim, that the defendants could, and did, waive a compliance with the statute requisites for establishing a lien, and so put all these claimants upon the same footing.   All these claims may be equally just, and the obligation of Pierce to pay them may be equally binding, legally and equitably.   But the right to fix a lien on buildings and land, for a debt of this description, is created by positive law, and the acts required to be done must be done to entitle the party to the benefit of the law.   A lien cannot be created by agreement or by waiver, surely not to the prejudice of a third party, who has complied fully with the requirements of the law.   To sanction such a claim would violate the most wholesome principles, and lead to evils too obvious to require specification.

There is no error in the judgment and decree below.

In this opinion the other judges concurred.