# WASHINGTON COUNTY.

PELEG ANTHONY, Appellant, *vs.* THE TOWN COUNCIL OF
SOUTH KINGSTOWN.

Petitioners for the lay-out of a highway are not "indifferent men," and therefore cannot
act as committeemen to mark out the highway under Gen. Stat. R. I. cap. 59, § 2.

EXCEPTIONS to the Court of Common Pleas.

This case was an appeal to the Court of Common Pleas from the proceedings and decrees of the town council of South Kingstown laying out a highway under Gen. Stat. R. I. cap. 59. The appellant asked the presiding justice in the Court of Common Pleas to quash the proceedings of the town council, because :

1. The record did not show, as by law it ought and must, that the town council appointed three suitable and indifferent men, not interested nor concerned in the land through which said highway was to pass, " for the due marking out " of said highway.

2. The record did show that the three men appointed to mark out the new highway had signed the petition for the highway presented to the council.

The request of the appellant was granted, and the proceedings were quashed, whereupon the appellee excepted.

Gen. Stat. R. I. cap. 59, §§ 1 and 2, provide :

" SECT. 1. The town councils of the several towns may order highways to be laid out so far and through such part of their respective towns as they may judge necessary.

" SECT. 2. For the due marking out of any highway, the town council shall appoint three suitable and indifferent men, not interested or concerned in the land through which such highway is to pass, who shall be sworn to the faithful discharge of their trust."

Pub. Laws R. I. cap. 681, § 2, of April 12, 1878, provide :

" SECT. 2. No order, judgment, or decree of a court of probate or town council, which may be appealed from, or in any collateral

proceeding when the same shall have not been appealed from, shall be deemed to be invalid, or be quashed for want of proper form, or for want of jurisdiction appearing upon the face of the papers, if the court or council had jurisdiction of the subject matter of such order, judgment, or decree ; and in cases appealed from, the appellate court, having jurisdiction of the parties, may allow amendments to be made in the papers filed in any such case to supply any deficiency or correct any errors therein, upon such terms and conditions as the appellate court may deem proper, and may proceed without reference to the order, judgment, or decree of the court of probate or town council, to enter such judgment as the justice of the case may require."

*Providence, October* 13, 1880. PER CURIAM. We think the committeemen appointed under Gen. Stat. R. I. cap. 59, § 2, to mark out the highway, having been petitioners for the highway, cannot be regarded as " indifferent men," and therefore, for that reason alone, the other ground for quashing the proceeding, even if valid at common law, being untenable under Pub. Laws R. I. cap. 681, § 2, of April 12, 1878, we overrule the exceptions and affirm the judgment of the court below, with costs. *Ex parte Hinckley*, 8 Me. 146 ; *State* v. *Delesdernier*, 11 Me. 473 ; *Hazard* v. *Middletown*, 12 R. I. 227. *Exceptions overruled.*

*Elisha C. Clarke & B. W. Case*, for appellant.

*Edward H. Hazard & Charles H. Parkhurst*, for appellee.