## MARIA McGANN ET AL. *vs.* JOHN T. SLOAN ET AL.

Third Judicial District, Bridgeport, April Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A finding will not be corrected by this court on appeal, unless the correction sought is an admitted or undisputed fact. It is not enough that there was evidence upon which the trial court might have found as claimed by the appellant, since the weight and credibility of evidence is for the final determination of that tribunal.

Argued April 15th—decided June 6th, 1902.

ACTION to foreclose certain real estate, brought to the Superior Court in New Haven County where an order for the sale of the mortgaged premises was passed (*Roraback, J.*), and a supplemental judgment was afterwards rendered by the court, *Shumway, J.*, awarding the proceeds of the sale, over and above the mortgage debt, to the respondent John T. Sloan, from which the respondent Humiston, trustee, appealed for alleged errors in the rulings and findings of the court. *No error.*

*Clifford C. Gilbert*, for the appellant (Humiston, trustee).

*Charles Kleiner* and *Dennis W. Coleman*, for the appellee (John T. Sloan).

PRENTICE, J. The contention in this case is over a fund in court which is the balance, after payment of the mortgage debt and costs, of the proceeds of a foreclosure by sale. Confessedly the defendant Sloan, a judgment lienor, is entitled to the whole fund unless the defendant, Humiston, as trustee in bankruptcy of Hatch & Norton, has a right to a share thereof as holding a prior incumbrance. Humiston's contention rests upon a claimed mechanic's lien, which lien, if a valid one, stands ahead of Sloan's.

Hatch & Norton were subcontractors, without a written contract, in the erection of a building upon the foreclosed

premises. They could, therefore, have acquired no valid lien unless within sixty days from the time they commenced to furnish materials or render services they gave written notice thereof, and of their intention to claim a lien, in the manner provided by the statute, to the then owner, which was "the President and Trustees of the Congregation B'nai Israel." General Statutes, § 3020.

The court has expressly found that such notice was not given. Plainly, therefore, upon the finding, the defendant Humiston has no claim to share in the fund, and the judgment against him was properly rendered.

He, however, excepts to the finding as made, and asks that it be corrected in this regard, so that it shall be made to appear that due notice was given.

The claim is, that such notice was served by an indifferent person, one McNerney, upon one Pickus as president of said ecclesiastical corporation, by leaving a true and attested copy thereof at his usual place of abode, that the said Pickus was in fact such president, and that the subsequent statutory proceedings were had with respect to said notice. The request to correct, therefore, seeks an embodiment in the finding of statements that the prescribed copy was left by McNerney at the usual place of abode of Pickus, that Pickus was on said day president of said corporation, and that the provisions of the statute requiring the lodgment of a copy with the town clerk for record were complied with. The specially pertinent changes thus asked for are those relating to the service on Pickus, and Pickus' official character, since without them a finding of the other matters would be of no avail to the appellant. *White* v. *Washington School District*, 42 Conn. 541, 545; *Larkins* v. *Blakeman*, ibid. 292, 294.

Our inquiry in this situation is a simple one: Has the court, in respect to either of the two matters in question, failed to find an admitted or undisputed fact? Rules of Court, p. 93, § 10. Clearly it has not. There was, indeed, evidence upon which the court might have found the existence of Pickus' official relation to the corporation; but it

was under no obligation to credit it. It was the judge, and the final one, of what the evidence established.

The failure to find the fact of service at Pickus' abode might be summarily disposed of in like manner. We cannot, however, refrain from observing upon how uncertain a foundation in evidence the appellant's claim in this vital matter rests. McNerney's unsworn return did not prove itself. *Edmonds* v. *Buel*, 23 Conn. 242, 243. His testimony, which was to the effect that he supposed that he did what his return said he did, that he had no recollection, was not such as to lend it any effective support. Even with the return established, satisfactory evidence of service at the abode of Pickus is still wanting. The return is to the effect that the copy was left at the abode of the president, unnamed. McNerney has no knowledge where or at whose house he left the copy, or intended to leave it. The name or personality of Pickus signifies nothing to him in connection with the act he supposes he performed. As to the person who at the time of the attempted service filled the part in his mind of president and was described by him as such, neither the return nor he gives any information. His notion of the man who filled the presidency may have been right or may have been wrong, for aught that appears. The only testimony in the case from which, when taken in connection with the other testimony, the court might have drawn a conclusion, as apart from a pure conjecture, that it was at Pickus' abode that service was made, was that of the attorney who placed the notice in McNerney's hands for service, who testified that he told McNerney that Pickus was the man to be served. We certainly cannot on principle say, and ought not in reason to say, that such conditions create situations where we would be justified in intervening to revise conclusions of fact made by a trial court. Clearly, at least the fact of service as claimed is very far from a conceded or undisputed one.

The finding not being subject to correction in the matters indicated, the claim of Humiston necessarily falls. It is

unnecessary, therefore, to consider the other questions raised by the appeal.

There is no error.

In this opinion the other judges concurred.