THE LAMPSON LUMBER COMPANY, INC. *v.*
EUGENE J. ROSADINO ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued January 6—decided March 2—reargued April 6—
amended opinion filed April 13, 1954

194

*Nelson Harris,* with whom, on the brief, was *Charles G. Albom,* for the appellant (defendant Greenberg, trustee).

*Donald F. Keefe,* with whom, on the brief, was *John B. Grant,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff, The Lampson Lumber Company, brought this action to foreclose a mechanic's lien for materials furnished in the building of a house. There were several defendants. For the disposition of this appeal, it is necessary to mention only five of them. The defendants Eugene J. and Mary A. Rosadino are the owners of the house and lot subject to the lien under foreclosure. The defendant The First Federal Savings and Loan Association, hereinafter referred to as the loan association, advanced funds for the construction of the Rosadino house pursuant to the terms of its mortgage on the property. The defendant John Arida has a valid mechanic's lien for $181. The defendant David B. Greenberg is the successor trustee in bankruptcy of the estate of Alexander K. Frazer, who contracted to build the house. The loan association filed a counterclaim stating that it

had a balance in its hands of $1960 yet to be advanced on the mortgage and asking that the plaintiff and the several defendants who also claimed an interest in this sum be required to interplead. A judgment of interpleader having been entered, the plaintiff claimed a share of the $1960 by virtue of its lien. The trustee attacked the validity of the lien. The court found that the plaintiff's lien was valid and rendered judgment directing the apportionment of the $1960, less allowances for counsel fees, between the plaintiff and Arida, and adjudging that when that was done the loan association's mortgage would be a first lien upon the property for the full amount thereof. The trustee has appealed.

The facts pertinent to the disposition of the appeal are as follows: Frazer contracted with the Rosadinos to build a house for them. He purchased materials from the plaintiff but failed to make payment. The plaintiff's vice president, Ellsworth Mathias, executed a notice of intention to claim a mechanic's lien and gave it to Donald C. Finch, one of the plaintiff's salesmen, to make service upon the Rosadinos. Finch left a true and attested copy of the notice at the Rosadinos' house and made a return of service as "an indifferent person." Frazer was adjudicated a bankrupt, and his trustee claims that the service of the notice of intention to claim a mechanic's lien was invalid because Finch was not "an indifferent person."

Section 7219 of the General Statutes provides that no person except the original contractor or a subcontractor whose contract with the original contractor is in writing and has been assented to in writing by the other party to the original contract shall be entitled to claim a mechanic's lien unless he shall, within the time prescribed by the statute,

"give written notice" to the owner of the building being constructed, raised, removed or repaired that he has furnished materials or rendered services for the work and intends to claim a lien therefor. If the owner resides in the same town where the materials are being furnished or the services rendered, the notice must be served upon the owner by "any indifferent person," by leaving with the owner or at his usual place of abode a true and attested copy of the notice. The right to fix a lien for materials furnished or services rendered on buildings and land is created by statute, and the acts required by the statute must be done to entitle a party to the benefit of its provisions. *White* v. *Washington School District*, 42 Conn. 541, 545; *McGann* v. *Sloan*, 74 Conn. 726, 727, 52 A. 405; *Swift & Upson Lumber Co.* v. *W. L. Hatch Co.*, 115 Conn. 494, 497, 162 A. 19; *Kelly* v. *Alling*, 84 Conn. 487, 492, 80 A. 782. We have held that the requirement of notice of intention to claim a lien is primarily for the protection of the owner of the property. *Thames Lumber Co.* v. *Cruise*, 116 Conn. 273, 276, 164 A. 652. Nevertheless, we have also held that an owner cannot waive a strict compliance with the statute and, by so doing, make a lien which is defective for lack of proper notice valid as against subsequent incumbrancers. *White* v. *Washington School District,* supra. Lack of proper notice to claim a lien renders the lien invalid with respect to both the owner and all others.

Webster defines "indifferent" as "[h]aving a neutral or unbiased disposition; . . . [n]ot inclined or affected to one side, party, or cause more than to another; unprejudiced." Webster's New International Dictionary (2d Ed.). In *Fox* v. *Hills,* 1 Conn. 295, this court had under consideration the validity of an execution on land made pursuant to a statute

which required that "whensoever any execution shall be levied upon lands, the same shall be appraised by three indifferent freeholders." Statutes, 1808, p. 282, § 7. Judge Hosmer stated (p. 307): "The meaning of the term 'indifferent' cannot be mistaken. Its popular and legal signification are precisely the same. The person of whom 'indifference' is predicated, must be impartial, and free from bias." *Tweedy* v. *Picket,* 1 Day 109, 111; *Mitchell* v. *Kirtland,* 7 Conn. 229, 231; *Anthony* v. *South Kingstown,* 13 R.I. 129; *Wolcott* v. *Ely,* 84 Mass. 338, 339.

In the light of the definition which the eminent lexicographer quoted above has given to the term "indifferent" and the interpretation which this court has accorded to it, albeit long ago, we are constrained to hold that a salesman regularly in the employ of a party claiming a lien, and therefore beholden to that party for his livelihood, is not an impartial, unbiased person and consequently is not the "indifferent person" who, under the statute, must make the service. We are bound to presume that when the legislature incorporated the phrase "any indifferent person" in the statute it had a purpose for doing so, and we cannot ignore the commonly accepted meaning of the words used. General Statutes § 8890; *Niedzwicki* v. *Pequonnock Foundry,* 133 Conn. 78, 82, 48 A.2d 369; *Finoia* v. *Winchester Repeating Arms Co.,* 130 Conn. 381, 384, 34 A.2d 636; *Southington* v. *Southington Water Co.,* 80 Conn. 646, 658, 69 A. 1023. The lien is invalid because service was not made in conformance with the statute.

There is error in part; the judgment is affirmed except as to the claim of the Lampson Lumber Company, and, as to that, a new trial is ordered.

In this opinion the other judges concurred.