[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
A.
The plaintiff Paul Rosow is seeking to evict his tenant, the defendant Ramon Delvalle from the premises known as 7 Brownell Avenue, Apt. C-11, Hartford, Connecticut.
On September 21, 1994, a notice to quit was served on the defendant by one Steven Lane, acting allegedly as an indifferent person. Mr. Lane is the first cousin of Mr. Rosow's attorney, Elliot Lane. The defendant has now moved to dismiss this action on the grounds that Steven Lane is not an indifferent person.
 B.
General Statutes § 47a-23 requires that a notice to quit be delivered by "a proper officer or indifferent CT Page 12034 person." In Lampson Lumber Co. v. Rosadino, 141 Conn. 193,196-7, (1954), our Supreme Court discussed the term "indifferent person" in the context of service of a mechanic's lien by a salesman of the plaintiff. The court referred to the definition in Webster's New International Dictionary (2d Ed.), as "having a neutral or unbiased disposition; . . . not inclined or affected to one side, party or cause more than to another; unprejudiced." Additionally it noted that in Fox v. Hills, 1 Conn. 295,307 (1815), Justice Hosmer said, "the meaning of the term `indifferent' cannot be mistaken. Its popular and legal signification are precisely the same. The person of whom `indifference' is predicated must be impartial, and free from bias." (Citations omitted). The court then having found the salesman to be dependent on the plaintiff for his livelihood, deemed him not to be indifferent.
In the present case, the evidence indicates that Attorney Lane was not on retainer for Mr. Rosow and was not involved in either the preparation or service of the notice to quit. The evidence does show, however, that he routinely represents the plaintiff in housing matters although on a few occasions the plaintiff appears pro se in court. The defendant has stipulated that other than the instant claim, there is no challenge to either the content or service of the notice. There was also no evidence that Steven Lane performed any other duties for Mr. Rosow or for Attorney Lane. See, Louis Battiston v. Josefina Martinez, No. SPH 8506-28960, July 29, 1985, #H-670, in which Judge Goldstein held that an employee of a landlord's attorney who performed the regular responsibilities of the landlord to not be an indifferent person.
Under the facts of the present case, this court does not agree with the defendant's argument. While the relationship between the attorney and the process server could indeed be such to preclude a finding of indifference, there is insufficient evidence (other than the mere fact of consanguinity) in this case.
The defendant has the burden of proof to show that Steven Lane is not an indifferent person. He has failed to meet that burden. The motion to dismiss is denied.
Berger, J. CT Page 12035