[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff brings this action to foreclose a mechanics lien. The complaint alleges, ¶ 7, that the plaintiff served upon the defendant a written notice "by leaving with the defendant a true and attested copy of such notice by mailing a copy certified postage pre-paid to the defendant."
The defendant files this motion to dismiss, claiming that at no time was the defendant served with a copy of Notice of Lien at her place of abode at 40 Tolland Turnpike, Ellington, Connecticut. The affidavit of the defendant states that "I was never served at my home a copy of the Notice of Mechanics Lien referred to in the complaint by an indifferent person, sheriff or other proper officer."
General Statutes § 49-34 states . . . "A mechanics lienis not valid, unless . . ." within the time prescribed the person performing the services . . ." serves a true and attested copy of the certificate upon the owner of the building, lot or plot of land in the same manner as is provided for service of the notice in section 49-35."
Section 49-35 ". . . provides the notice shall be served upon the owner . . . by any indifferent person, sheriff or other proper officer, by leaving with such owner . . . or at his usual place of abode a true and attested copy thereof." An exception, which does not herein apply, allows service upon a non-resident by an "indifferent person, sheriff or other proper officer by mailing a true and attested copy of the notice by registered or certified mail to the owner . . . at the place where he resides."
No contention is made herein that the owner does not reside at 40 Tolland Turnpike, Ellington, where the furnishing of labor and materials took place. The plaintiff's complaint itself lists this address as the residence of the defendant, and in hand service of the within writ, summons and complaint was made at that address. The plaintiff does not contest the fact that the mechanics lien notice was delivered only by registered mail. The purported lien notice does not identify who mailed the notice, but that is irrelevant as the use of certified mail under the facts herein does not comply with statutory requirements. Service by mailing is not herein appropriate under General Statutes §§49-34, 49-35.
"The lien is invalid because the service of notice was not made in conformance with the statute." Lampson Lumber Co. v.Rosadino, 141 Conn. 193, 197 (1954). Hence this action to CT Page 5703 foreclose a mechanics lien must be dismissed.
Accordingly, the motion of the defendant to dismiss is granted.
L. Paul Sullivan, J.