[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON COURT'S SUA SPONTE INQUIRY
The plaintiff filed his administrative appeal from a final decision of the Department of Mental Retardation ("the department") on January 5, 2001. On order of coLirt issued pursuant to General Statutes § 4-183
(d), the plaintiff's attorney set forth in an affidavit on July 20, 2001, that he had served the appeal by certified mail on an attorney in private practice who functioned as the hearing officer in the agency proceedings. He also stated in the affidavit that he had served the agency itself by certified mail, but did not attach the certified mail receipts.
In response to this affidavit, the court gave notice to the parties that it would hold a hearing on two issues: (1) Was the service on the attorney effective? and (2) Was there mail service upon the department in the absence of the certified mail receipts? The plaintiff filed a brief on August 2, 2001 in support of a finding of proper service, making the following contentions: (1) The service on the attorney-hearing officer was proper as she was an agent of the department; (2) the department was served by "Federal Express,"[1] which satisfies the requirement of General Statutes § 4-183 (c)(1) that service be made by United States mail; and (3) the department was served by an indifferent person as allowed by § 4-183 (c)(2).
At the hearing on this matter on September 10, 2001, the court directed the plaintiff to file an affidavit regarding his claim of service by an indifferent person. On October 2, 2001, the plaintiff filed three affidavits. The first, by his attorney, stated that he had "commenced CT Page 13586 overnight delivery service of the Appeal" on January 8, 2001. The second affidavit was filed by one Gregory A. Craft, a courier for Federal Express, stated that he delivered a package from the plaintiff's attorney's firm to the department on January 9, 2001. The final affidavit from a paralegal working for Federal Express in Memphis, Tennessee, confirmed that a package had been given by the plaintiff's attorney to Federal Express on January 8, 2001 for delivery and was in fact delivered on January 9, 2001 to the department.
Now that the plaintiff has filed his responses, the court considers the issues raised in its inquiry. Regarding service, § 4-183 (c) provides in relevant part as follows:
 Within forty-five days after the mailing of the final decision under section 4-180 . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office . . . Service of the appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested, without the use of state marshal or other officer, or (2) personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions. . . .[2]
The first issue raised by the court was the claimed service on the attorney-hearing officer. The court cannot agree with the plaintiff that the certified mailing of the complaint to the attorney at her private office constituted service on "the agency that rendered the final decision at its office." The plain language of the statute is otherwise, and must be followed. As our Supreme Court has stated: "We presume that the legislature had a purpose for each sentence, clause or phrase in a legislative enactment, and that it did not intend to enact meaningless provisions." In re Baby Z., 247 Conn. 474, 522 (1999).
The second issue is whether the use of Federal Express constituted service by "United States mail." Contrary to the plaintiff's argument, "Federal Express delivery is not mail delivery." Helmers v. Sortino,545 N.W.2d 796, 799 (N.D. 1996). See also Federal National MortgageAss'n. v. Fandino, 751 So.2d 752 (Fla.App. 2000); Jastroch v. ChaseManhattan Bank, Superior Court, judicial district of Fairfield, Docket No. CV 98 0351712 (March 30, 2000, Mottolese, J.) (Federal Express is not equivalent to certified or registered mail).
Finally, the plaintiff contends that he accomplished service by means CT Page 13587 of an indifferent person. As quoted above, the statute allows for service by an indifferent person "making service in the same manner as complaints are served in ordinary civil actions." This provision was added to §4-183 (c) in 1988, when a major revision of the Uniform Administrative Procedure Act was enacted. In those few instances where an indifferent person might serve a civil complaint, see § 52-50 (b), it is required that such person have no relationship with any party, Lampson Lumber Co.v. Rosadino, 141 Conn. 193 (1954), and that he make a return by affidavit of his doings, McGann v. Sloan, 74 Conn. 726, 728 (1902).
Under proper circumstances a Federal Express courier could qualify as an indifferent person. The problem facing the plaintiff is, however, when § 4-183 (c)(2) service is selected, there must also be a citation.[3]Tolly v. Department of Human Resources, 225 Conn. 13, 20 (1993).
Although the citation need not be technically perfect, Hillman v.Greenwich, 217 Conn. 520, 526 (1991), it must at least "apprise all concerned that a lawsuit is being instituted, and contain notice of the return date, and the requirement for filing an appearance, and also direct a competent authority to summon the defendant . . . ChestnutRealty, Inc. v. Commission on Human Rights and Opportunities,201 Conn. 350, 357 (1986).
Here, the plaintiff has not made use of a citation form at all. At the front of his "appeal" a return date appears. All of the other required elements of a citation are missing from this document.
Based on the foregoing, the case must be dismissed for failure of service.
Henry S. Cohn, Judge