[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF TILE CASE
The plaintiff was a subcontractor for the defendant, Can-Do Construction Company, which company was the general contractor of the defendant Bridges at Lake Whitney, LLC, the owner and developer of an assisted living project located on Lake Whitney in Hamden.
The plaintiff seeks to recover in a four count complaint for a balance allegedly due for work it performed on work change orders in 1999. The amount in dispute is $41,795.45, all of which the defendants deny owing. CT Page 2914
The first count seeks foreclosure of a mechanic's lien filed against the owner-developer (Bridges) while the fourth count sounds in unjust enrichment as to this defendant. The third count is also directed at Bridges, but is premised on the hiring of the plaintiff by the contractor, in its capacity of agent for Bridges.
The second count is directed against the contractor and is based on the agreement between the plaintiff and Can-Do.
The defendants deny the plaintiff performed the work in question, while Bridges attacks the validity of the mechanic's lien for failure to comply with § 49-35 of the General Statutes.
A portion of the plaintiffs total claim, about $15,000, is alleged to be due from the retainage clause of the contract. There was some sparring over this amount in the cross examination of the plaintiffs principal, but the defense seemed to concede that at least $9000 was due.
After a trial in which only two witnesses were heard, two complete rounds of briefs were permitted by the court.
The court will address first what it perceives as the two basic issues, after which the relative positions of the three parties can be more easily identified. These issues are: (1) Did the plaintiff establish his right to a recovery? and, (2) If it did, is the mechanic's lien valid?
 DISCUSSION I
Frank Martone testified in support of the claim of the plaintiff company. He described the work done and offered two proposals for "change orders" his company submitted, covering this work. These Exhibits, A B, total $25,600. An additional $1180 was billed without a covering change order. Mr. Martone stated this was done "in a hurry" as a courtesy to Can-Do, hence no paper work was prepared. This work involved masonry work around the elevator cylinder.
The defendants presented the testimony of William White, managing member of the defendant Bridges. Addressing the elevator work, he was certain that no work was done on the elevator after March of 1999. The plaintiff claims to have performed his work in July of 1999.
The $3600 charge for brick work on the porte cohere was also addressed CT Page 2915 by White. He stated someone else was hired "to finish it up." It was partially done, and we had to bring people in to complete it" (Tr. p. 93). This "partially done" would appear to be the plaintiffs portion of the project, the change order for $3600.
Turning to the major item in dispute, the $22,000 item for re-pointing and cleaning, the contradictions multiply. The photographs presented by Mr. White appear to refute Mr. Martone's testimony that he cleaned and re-pointed the brick wall as needed. The court's examination of photos show areas that appear "fresher" or cleaner than surrounding areas, indicative of re-pointing. There are large sections which do not appear to have been cleaned at all, with graffiti, staining and paint splatters clearly visible.
In light of these conflicting claims, the court concludes that the plaintiff has not met his burden on this change order, though some work has been done. In view of the admission by Mr. White that 20 percent of the necessary work was done, the plaintiff is entitled to recover the sum of $4400.
On the three items comprising the change orders and invoice, the court finds the plaintiff is entitled to $8000.
 II
The court finds no merit to the defendant Can-Do's contention that the plaintiff cannot recover the retainage because of a clause in its subcontract with Martone. That clause, paragraph 2(i) reads:
 i. Final payment shall be made after Subcontractors' work has been accepted by Owner, satisfactory proof of payment of all amounts owed by Subcontractor in connection with this Subcontract has been provided, the entire Project is complete, and Contractor has been paid in full for the entire Project.
This imposes conditions on Martone over which he has no control and enables the owner and the contractor to profit if the project fails — even if they were the cause of the failure.
Further, there is no evidence that the owner was unhappy with the plaintiffs work until these disputed change orders surfaced.
The court concludes that the plaintiff is entitled to recover the retainage in the amount of $15,015.45. CT Page 2916
 III
Having concluded that the plaintiff is entitled to recover $23,015.45, the court next addresses the validity of the mechanic's lien.
Bridges argues that the lien is invalid because the plaintiff did not give notice to Bridges within 90 days of the last work done as required by § 49-35. The complaint alleges it gave the notice on or about November 24, 1999. According to the defendants no work was done after the execution of the settlement agreement on June 16, 1999. If this were true the notice would have been tardy. If the court accepts the plaintiffs testimony that the last day worked was August 18, 1999, then the notice was still tardy, with 98 days having elapsed between August 18 and November 24. The notice being late, the lien is invalid.
The plaintiff has presented a "fall-back" position, arguing that the notice failure is not fatal because the notice was not required by §49-35 (a). The plaintiff relies on language which states there is an exception to the notice requirement where the subcontractor's written contract "has been assented to in writing by the other party to the original contract."
While Bridges assented to the plaintiffs contract with Can-Do, there is no evidence, and the plaintiff does not argue, that the assent was in writing, The plaintiff has cited Connecticut cases which he claims stand for the proposition that our Supreme Court does not compel a strict construction of the mechanic's lien statutes. This liberality is deemed applicable to claimed inadequacies in certificates. First ConstitutionBank v. Harbor Village Ltd. Partnership, 230 Conn. 807, 816 (1994). The plaintiff cites no case where acts required by the statute may be excused. The court finds the absence of the assent in writing to be fatal.
"The right to fix a lien for materials furnished or services rendered on buildings and land is created by statute, and the acts required by the statute must be done to entitle a party to the benefits of the lien."Lampson Lumber Co. v. Rosadino, 141 Conn. 193, 196 (1952). See Bridges' brief of January 8, 2002, p. 8.
The court concludes that the plaintiffs mechanic's lien is invalid.
 IV
The owner Bridges has asserted the special defense that it has paid the general contractor, Can-Do, all sums owed for the work performed by the plaintiff CT Page 2917
This defense must be rejected in view of the testimony of Mr. White. He testified that no money was paid to Can-Do after the signing of June 1999 agreement. Yet he testified that the June agreement contained a "punch list" of work to be completed and that two of those items were the cleaning — re-pointing and the porte cohere. These items were the subject of the two change orders and Mr. White acknowledged that the plaintiff did some work on both (see Section 1, above).
The June agreement states that twice the value of the unfinished work stated on the "punch list" was being retained by Bridges.
The only special defense of either defendant not addressed above is the third special defense of Can-Do, that it did not receive payment from the owner,
Before the court would give consideration to this defense the defendant would be obliged to explain its agreement of June 1999 with the owner. That agreement, according to Can-Do, essentially "froze out" this plaintiff. The court would be interested in hearing why this was done with two change orders outstanding and why the owner became the recipient of a credit for twice the cost to complete the project.
 CONCLUSION
1. With the court's finding that the mechanic's lien is invalid, the first count of the complaint is dismissed.
2. The fourth count in unjust enrichment is dismissed as there exists a contract on which this plaintiff may rely.
3. Judgment may enter for the plaintiff on the second count as to Can-Do Construction Company and on the third count as to Bridges At Lake Whitney LLC in the amount of $8000, said judgment being their joint and several obligation.
4. Judgment may enter for the plaintiff on the third count to recover of the defendant Bridges At Lake Whitney LLC the sum of $15,015.45, the retainage in its possession.
5. The court also awards interest pursuant to § 37-3a at the rate of 10 percent per annum, on both judgments. Said interest shall accrue as of November 24, 1999, the date of the notice to the defendant Bridges in which the plaintiffs claim was described and a mechanic's lien claimed. Judge Referee CT Page 2918
_________________________ Anthony V. DeMayo Judge Trial Referee