## John H. McGuire *vs.* Edward Church.

A copy of a writ containing a factorizing process, with the officer's return of service upon the garnishee, was signed with the officer's name by his clerk and left by the officer with the defendant in service. Held that the signature was of no validity and the leaving of the copy of no effect.

The writ had been duly served upon the garnishee. Held that the failure to leave a properly certified and indorsed copy with the defendant rendered the attachment invalid.

The defendant appeared in court and pleaded to the merits. Held that, while this was a waiver of service upon himself personally, it did not operate to validate the attachment. [Two Judges dissenting.]

Scire facias upon a foreign attachment; brought to the Court of Common Pleas. The following facts were found by the court:

The plaintiff on the 8th of June, 1880, brought a factorizing suit against one Thomas J. Billbrough, making Edward Church the present defendant garnishee, returnable before a justice of the peace. Billbrough appeared before the justice and appealed the case to the Court of Common Pleas, in which court a trial was had and judgment rendered for the plaintiff. Church did not appear either before the justice or the Court of Common Pleas, but Billbrough agreed with the plaintiff that the latter court might find Church indebted to him at the time of the attachment in the sum of $150. Execution was issued against Billbrough and demand made upon it by the officer upon the garnishee and payment refused, upon which the present suit was brought.

The original process was legally served upon the present defendant as garnishee, but the copy left with the defendant in that suit, with the officer's indorsement of his doings

thereon, and the certificate of its being a true copy, was signed with the officer's name by the hand of his clerk and did not bear his own signature. The copy thus attested the officer personally left at the usual place of abode of the defendant in that suit. The present defendant set up this fact in his defense to the suit, and claimed that by reason of it the attachment of the debt due from him to Billbrough was invalid. The court (*Cowell, J.*,) held otherwise, and, it being found that the defendant was indebted to Billbrough at the time of the attachment to the amount of $150, rendered judgment for the plaintiff. The defendant brought the record before this court by a motion in error.

*G. Kendrick*, for the plaintiff in error.

*W. B. Stoddard*, for the defendant in error.

PARK, C. J. The officer who served the original writ of foreign attachment, upon which the present *scire facias* is founded, left at the usual place of abode of the defendant in that suit, and as the only service made upon the defendant, what purported to be a certified copy of the writ, with his doings indorsed thereon, but his signature was not attached to the document by his own hand but by that of his clerk. An executive officer can no more authorize another to perform an official act which the law requires him to perform, than a justice of the peace can delegate the performance of his judicial duties. The law requires an attestation of the copy by the officer. Webster defines the word "attest" as follows: "To bear witness to; to certify; to affirm to be true or genuine; to make a solemn declaration in words or writing to support a fact; appropriately used for the affirmation of persons in their official capacity, as to attest the truth of a writing, to attest a copy of record." Can an officer certify by another that a document is a true copy of the original, any more than he could make oath by another to the same effect? It is clear that there was no attestation of the copy, and consequently no

such copy as the law requires or recognizes was left with the defendant in the original suit or at his usual place of abode. It follows therefore that no attachment of the property of the defendant was made in that case, for an important part of the attachment was the leaving with the defendant or at his usual place of abode " a true and attested copy " of the writ. But it is said that the defendant in that case appeared in court and answered to the proceeding, and that a legal judgment was rendered against him. But that did not attach his property. The attachment was made by the officer, if it was made at all, before the process was returned to court. The defendant could waive the formality of the service of process by appearing in court and answering to the case, but this no more created a lien on his property to secure the judgment that might be lawfully rendered, than the acknowledgment of a debt creates a lien on the property of the debtor. The waiver in such a case extends no farther than to make the judgment valid.

There is manifest error.

In this opinion PARDEE and LOOMIS, Js., concurred.

CARPENTER, J., (dissenting.)   The defect in the service was of such a character that the debtor could only take advantage of it by a plea in abatement. By pleading to the merits he waived all objections to the service. The service therefore as to him must be regarded as perfectly good. I think this objection is not now open to the garnishee. Ordinarily he can defend, as to the merits, only by showing that he was not indebted to the debtor and did not have in his hands his goods and effects. There are also certain technical defences which he may make by showing that the creditor has omitted any step required by law. Under this head he may doubtless show that no copy was left with him and that therefore there was no attachment. In this case a copy was left with him, apparently regular, which *primâ facie* operated as an attachment. The question now is whether he may take advantage of a latent defect in the service. I

regard the garnishee as having no interest in the matter. The attachment does not affect his property; it only affects the debt due from him, or the effects of the debtor in his hands. If the attachment was good, as I think it was, as between the attaching creditor and the debtor, the garnishee has no occasion, and is in no position, to interpose a technical objection.

In this opinion GRANGER, J., concurred.