MYRON KINNEY vs. LIVONA BLACKMER, ADMINISTRATRIX.

Hartford Dist., March T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

*B* agreed to build a house on land of *R* of such character and cost as he chose; *R* to pay him $200 towards it, and he to furnish the remainder and as compensation occupy the house. The house cost $425. The plaintiff furnished materials to *B* in ignorance of his arrangement with *R*, who paid *B* the $200 before notice that the plaintiff had furnished the materials or had not been paid. Held that *B* must be regarded as the original contractor with *R* and the plaintiff only as a sub-contractor, and that the plaintiff could not acquire a lien upon the building without giving the notice to *R* provided for by Gen. Statutes, p. 360, sec. 11.

[Argued March 1st—decided April 13th, 1887.]

WRIT OF ERROR to this court from a judgment of the Superior Court in Windham County. The case is sufficiently stated in the opinion.

*C. E. Searls*, for the plaintiff.

*T. E. Graves* and *M. A. Shumway*, for the defendant.

LOOMIS, J. The complaint is a writ of error brought to this court alleging in substance that the plaintiff brought to the May term of the Superior Court for Windham County, in the year 1881, a complaint for the foreclosure of a mechanics' lien against Ezekiel Blackmer and Louise Robbins (then in life but since deceased) in which he obtained judgment against Blackmer but judgment was rendered in favor of Mrs. Robbins. This last mentioned judgment he claims was erroneous, for the alleged reason that Ezekiel Blackmer, in purchasing lumber and materials of the plaintiff which entered into the erection of the building on the land of Mrs. Robbins, upon which the lien then in suit was placed, acted for and in behalf of and under the authority of Mrs. Robbins and that she was thereby bound as principal in the transaction.

If the record of the former proceeding discloses any such error the judgment complained of should be set aside, but no such error appears. On the contrary, the facts support the judgment. The certificate of lien upon which the suit was based states explicitly that the lien claimed is based on a contract between Kinney (the plaintiff) and Ezekiel Blackmer, and the name of Louise Robbins is not mentioned in the certificate. The land is described upon which the building was erected, but the name of the owner is not stated in the certificate.

The facts in the case were found by a committee, and it appears that the land described in the certificate was in fact the land of Mrs. Robbins. The arrangement between Blackmer and Mrs. Robbins was that Blackmer should build a house on the land of such character and cost as he chose, that she was to pay him the sum of two hundred dollars and no more, and that he should furnish the remainder, and as compensation should have the privilege of occupying the house when completed with his family and Mrs. Robbins, who was his mother-in-law.

The house cost when completed $425. Blackmer bought all the materials and employed all the workmen without the knowledge or direction of Mrs. Robbins, except that she knew that he was constructing the house in pursuance of the agreement. She paid Blackmer the two hundred dollars before she had any notice that the materials furnished by the plaintiff had been so furnished by him or that they had not been paid for. All the materials were delivered to Blackmer alone, and the plaintiff knew nothing of the arrangement between Blackmer and Mrs. Robbins in relation to constructing the house until he had ceased to furnish materials.

Upon these facts the court omitted to find any authority in Blackmer to bind Mrs. Robbins, and in this respect and in other respects the case is to be distinguished from *Paine* v. *Tillinghast*, 52 Conn., 532, upon which the plaintiff relies.

And we cannot say that the facts found in detail are

equivalent to a finding of such authority in Blackmer. On the contrary, we think in view of all the facts referred to that Blackmer must be regarded as the original contractor with Mrs. Robbins for the erection of the house in question, and that the plaintiff in furnishing materials to Blackmer under a contract with him alone was merely a sub-contractor within the meaning of section 11, page 360, of the General Statutes; and as he omitted to give the required notice of his intention to claim a lien he acquired none.

There was no error in the judgment complained of.

In this opinion the other judges concurred.