Reed, P. J.,
delivered the opinion of the court.
The principal facts are clearly established by the evidence without serious conflict. Appellee, driving a two horse grocery delivery wagon, crossed the bridge from North Denver, and was driving east on Fifteenth street on the south side. There is a ditch or drain on that side of the street for carrying water into the river. For about two blocks from the *387 river the ditch is covered, then for a space it is open and unprotected. At this point (the open ditch) the accident occurred. The sides of the ditch slope quite abruptly to the bottom. The opening was two feet and three ihches in. depth, and the ditch thirteen feet wide on the surface. There are two tramway car tracks in the street. From the ditch to track upon that side was a driveway, much used, nine feet in width ; then occurs the car track, some four feet in width; then a central drive, some twenty feet in width; then the other track; then a narrow driveway north of the track. Appellee and Hamilton were in the wagon, the former driving, the team trotting. A tramway car going in the same direction was not observed until close upon them. Appellee, to avoid it, pulled his team to the right, and the off horse went over the bank into the open ditch, was frightened, jumped or plunged to get out, and in so doing placed the wagon in such position that the hind wheel was struck by the car, wagon and team thrown into the ditch, appellee thrown out under the horses and received his injuries. As to the circumstances and cause of the collision, the evidence was conflicting, as it alwaj's is in that class of cases, each party testifying to exonerate itself from the charge of negligence in causing it. But in this case, as the suit is not against the Tramway Company, but the city, and the only question being whether the leaving the street and ditch in that condition was negligence for which the city could be held liable, by whose fault the collision occurred behomes unimportant. Although, except for the collision, the accident could not have occurred, it is apparent from the evidence that except for the ditch and obstruction the collision would not have occurred. Nearly the entire argument of appellant is devoted to the contention that the accident was caused by the tramway car collision. I quote the language: “ The ditch or gutter did not frighten the horses. The ditch or gutter was not the cause of the plaintiff being thrown out of the wagon. On the contrary, the proximate cause was the rapidly approaching car striking the rear end of the vehi *388 ole.” In support of the position that the excavation was not the “proximate” cause, Jones on Neg. of Mun. Corp., secs. 9,193, and 195, is cited. In section 9 it is said: “ It is often said that the negligence must be the ‘ proximate cause’ of the damage in order to create liability. * * * But it is to be noticed that it is not necessary that the negligent act should be the last cause, the primary cause, or the sole cause. Indeed, the only essential matter is that, in view of all the circumstances of the case, it shall be just and reasonable to attribute the damage to the negligence charged and to nothing else. Where it is so the responsible cause is reached, and this, for convenience sake, may be designated as the proximate cause.” In section 193 I find nothing to change the well established rule as stated above. In section 194 it is said: “ Without attempting to discuss the many rules that have been formulated upon the subject of proximate cause, * * * it may be said that one principle lies at the bottom of all of them, namely, that a reasonable connection between the negligence shown and the damage that has been received must be disclosed or there can be no recovery.” In section 195: “ * * * The questions in regard to which they are most frequently resorted to and most fully illustrated bj^ the authorities relate to accidents upon highways. Although in all instances the municipality will escape liability if it can show that some other cause than its own negligence is in justice responsible for the damage received.” Testing the case made by the authorities thus relied upon for reversal, we must find the proximate or responsible cause of the damage the negligence of the city.
Looking at the facts as established by the evidence of a city engineer, sworn on the part of appellant, we find that' up to that point the ditch was covered for a short distance only. It was uncovered, and the street, beside being incumbered by two railway tracks, was upon that side, at that place, narrowed thirteen feet, the width of the ditch; that the sides were abrupt, and the ditch two and a quarter feet deep, with only nine feet between it and the car track; that the step or *389 footboard of the car projected a foot and a half or two feet, leaving only at most seven feet for carriages on that side of a much traveled business street. At that particular point appellee was overtaken, and by reason of the want of room and fright of horses the injury occurred. Had the street been full width, the collision would have been readily avoided, and if it had occurred, and the parties thrown out, the fall would have been but about one half of the distance. It does not seem necessary to say that such an excavation, beginning and ending abruptly, and narrowing the street at that point thirteen feet, was a dangerous one.
Not only are municipal corporations held for damages occurring through defects or excavations in the street or highway, but for dangerous excavations adjoining a highway. At common law, and under the statutes, and by numberless decisions, it is declared: “The specific duty resting upon every municipal corporation with regard to the streets under its control is that it shall exercise reasonable care to see that they are safe for lawful use by any member of the public for any of the purposes for which a public street is designed.” Jones on Neg. Mun. Corp., 131, sec. 72. Counsel, in relying on Jones Neg. of Mun. Corp., overlooked section 197 : “If a defect exists in a public street this would seem to be the true cause of an injury from contact with that defect. What might have happened had there been no such contact is wholly speculative, and it cannot be assumed that similar damage or even any damage would have resulted had it not been for the unsafe character of the highway.”
Counsel cite from and rely upon the case of Blythe v. D. & R. G. Ry. Co., 15 Colo. 333. In that the plaintiff sought to recover the value of goods destroyed in transit. A high wind blew the car from the track, tipped it over, and partly demolished it. It took fire from the overturning of the stove, and the goods were consumed. The jury found the tornado the proximate cause, and exonerated the company from the charge of negligence. The finding was held correct, as both the fire and the loss of goods were results from the cause. *390 I am at a loss to see any analogy between that and the damage caused by a dangerous excavation in the street. The ditch did not occur by reason of the collision, but, according to the evidence, the collision occurred by reason of the existence of the ditch.
In Campbell v. Stillwater, 32 Minn. 308, Gilfillan, C. J., very tersely and clearly stated the law to be: “ In cases of tort the application of this court of the rule as the proximate cause is this : where several concurring acts or conditions of things —one of them, the wrongful act or omission of the defendant — produce the injury, and it would not have been produced but for such wrongful act or omission, such act or omission is the proximate cause of the injury, if the injury be one which might reasonably be anticipated as a natural consequence of the act or omission.” Tested by this, — and almost innumerable authorities to the same effect might be cited, — there is no doubt that the excavation was the proximate cause and the city liable.
It has been frequently held that there might be two proximate causes. In Ring v. Cohoes, 77 N. Y. 83, it was said by the court: “ When two causes combine to produce an injury to a traveler upon a highway, both of which are in their nature proximate, — the one being a culpable defect in the highway, and the other some occurrence for which neither party is responsible, — the municipality is liable, provided the injury would not have been sustained but for such defect.”
In Palmer v. Andover, 2 Cush. (Mass.) 601, it was said : “ If the injury resulted from one of the causes, or from'the two combined, if such cause would not have existed but for the neglect of the city, then it would have been liable, if there was no failure on the part of plaintiff to exercise due care.” Although in this case the three causes cooperated, — the falling, the excavation in the street, fright and floundering of the horse, producing the collision, and the latter precipitating the parties into the ditch, — the liability of the city, under the authorities, is clear. See, also, Ergott v. New York, 96 N. Y. 264; Ward v. North Haven, 43 Conn. 148; Hey v. *391 Philadelphia, 81 Pa. St. 44; Wagner v. Jackson, 133 Pa. St. 61; Hampson v. Taylor, 15 R. I. 83; Lake v. Milliken, 62 Me. 240; Hayes v. Hyde Park, 153 Mass. 514; Pratt v. Weymouth, 147 Mass. 245; Flagg v. Hudson, 142 Mass. 280.
The horse becoming frightened and participating in the injury in no way modifies the liability. There are numerous cases where the municipality has been held liable for injuries to the horse by reason of defects in the street, when the horse had hecome frightened and unmanageable. See Higgins v. Boston, 148 Mass. 484; Spaulding v. Winslow, 74 Me. 528.
In Kennedy v. New York, 73 N. Y. 365, where a horse on a wharf belonging to the city got beyond control of his driver and owing to the absence of string pieces on the wharf backed off into the water, the city was held liable. And see Macauley v. New York, 67 N. Y. 602.
The contention of counsel having been directed entirely to the questions above discussed and found untenable, the judgment must be affirmed.
There is one incident connected with the trial I cannot let pass unnoticed. W. E. Kelly, the motorman driving the colliding car, testified for the defendant. He is supposed to have been in a position to see all that occurred and state it correctly. His version of the facts are so at variance with that of all the other witnesses and the physical facts obvious from the nature of the injury, and so contradictory of itself, it should not have been allowed “to pass unnoticed by the court. He said: “ I was ringing the bell to attract- his attention, * * * and all at once he pulled right across the track and where that ditch is and stopped right on the track. * * * He had pulled across the track so quick that I saw I could not stop the car, so I reversed the car and also hollered — rang the bell. * * * We didn’t get off the track and the car, the step of the car, one step of the car just struck his hind wheel and pushed it to one side * * * and the horses jumped and I believe jumped over into the gutter and the man fell out. Only one fell out.” If, as stated, the team was across the *392 track in front of the car, and the horses jumped, it would of necessity be away from the ditch; and if across the track in front, the collision must have occurred from the front, not from the step, with the hind wheel; while the fact is clearly established that both, instead of one, were thrown out.
The judgment of the district court will be affirmed.

Affirmed.