EDWARD M. ABBEY *vs.* THEODORE HERZER ET AL.

First Judicial District, Hartford, January Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A building contract may be altered or modified so as to bind not only the immediate parties to it but subcontractors also, provided no work is done or material furnished until after such modification.

A builder agreed in March to erect a house for the defendant for $4,100, payable in instalments as the work progressed. Two days later, and before anything had been done, the defendant, at the request of the builder and to enable him to secure the necessary lumber, gave a written order for it himself, and promised the lumber company to pay whatever might be due therefor. After $3,000 had been paid to the builder on account, he abandoned the work leaving a balance of $776 due for the lumber (which the defendant, more than sixty days later, paid), and also various sums to several subcontractors. In an action by the subcontractors to foreclose their liens it was *held:* —

1. That in paying the lumber bill the defendant was not making a payment "in advance of the time stipulated in the original contract," in violation of Chap. 121 of the Public Acts of 1899, but was merely discharging an obligation created by the contract and payable at any time at the will of the defendant; and that to the extent of such payment he was discharged from liability to the subcontractors.

2. That such payment, although actually made in September, was in contemplation of law made in March when the agreement, under which the obligation became irrevocable, was entered into.

3. That inasmuch as it did not appear that the subcontractors had any knowledge of the terms of the building contract until after the builder had abandoned the undertaking, and until after they had ceased to work or furnish materials, there was no foundation for the application of the principles of estoppel, as claimed by them.

Argued January 9th—decided March 5th, 1902.

ACTION to foreclose subcontractors' liens for services rendered in the construction of a dwelling-house, brought to the Court of Common Pleas in Hartford County and tried to the court, *Peck, J. ;* facts found and judgment rendered for the defendants, and appeal by the plaintiffs for alleged errors in the rulings of the court. *No error.*

The defendant Herzer entered into a written contract with a builder named Hamilton for the erection of a dwelling-house upon land owned by himself and wife jointly. The contract price was to be $4,100, payable in several instalments as the work progressed. The final payments provided for were $1,100 when complete, and $100 reserved for thirty days after completion. Two days after the execution of the contract Herzer, at the request of Hamilton and to enable the latter to procure the needed lumber, signed a written order to the Hartford Lumber Company, in the following terms :

"HARTFORD, CONN., March 26th, 1900.

" THE HARTFORD LUMBER COMPANY,

"Hartford, Conn.

"Dear Sirs: Deliver to E. E. Hamilton such lumber as he shall require for the construction of my house on May Street, and charge the same to me. Credit such payments as E. E. Hamilton shall make on the account, and advise me from time to time of the balance due.

"THEODORE HERZER."

It was a week or more after the execution of this writing that the first work was done upon, or material furnished to, the house by any subcontractor.

Upon the strength of said order, which Hamilton presented to the lumber company, it furnished the lumber for the construction of the house. After Herzer had made all save the two final payments, Hamilton abandoned work upon the house and left it uncompleted. Herzer, after due notice, completed it. When Hamilton ceased work a balance of $776.52 was due the lumber company for lumber furnished under the

order. More than sixty days later Herzer paid this balance to the lumber company.

The plaintiffs were subcontractors under Hamilton, to whom are due various sums for work done upon the house, or for materials furnished therefor, prior to his abandonment. Each of said subcontractors has duly perfected his lien in accordance with the statute.

The plaintiffs contend that Herzer was not, as respects their liens, entitled to credit the amount of this payment to the lumber company as a payment upon the contract price.

*Joseph P. Tuttle* and *John J. McKone*, for the appellants (plaintiffs).

*Arthur L. Shipman* and *Charles Welles Gross*, for the appellees (defendants).

PRENTICE, J. The contention in this case arises under our statutes regulating mechanics' liens, and especially that part of § 2 of Chap. 121 of the Public Acts of 1899 which provides that, in determining the amount for which any subcontractor's liens shall attach upon any land or building, the owner shall be allowed whatever payments he shall have made in good faith to the original contractor or contractors before receiving notice of such lien or liens, and that no payment made in advance of the time stipulated in the original contract shall be considered as made in good faith, unless notice of intention to make such payment shall have been given in writing to each person known to have furnished materials or rendered services, at least five days before such payment is made. It is contended that the payment to the lumber company, in question, is not one which comes within the affirmative portion of these provisions. It is not claimed that Herzer was not obligated by his order to pay this balance to the lumber company. It is not claimed that his payment of it was in actual bad faith. The claim is, that as it was made after he had notice of the plaintiffs' liens, it was made at his peril, or rather that he cannot be permitted to credit it as a

payment made in good faith to the original contractor upon account of the contract price, thereby reducing the amount unpaid, to the damage of the plaintiffs, who are subcontractor lienors.

The plaintiffs' argument proceeds upon the assumption that the contract between Herzer and the original contractor, Hamilton, which is to be brought under the scrutiny of the statute, is the writing of March 24th. Here is the fundamental fallacy of their contention. Events occurred on March 26th which had a material bearing upon this written agreement. Herzer, upon the solicitation of Hamilton, signed the paper addressed to the lumber company, recited in the statement of facts, and gave the same to Hamilton to deliver to the lumber company. Hamilton made such delivery, and upon the strength thereof the lumber company furnished the materials which were the subject of its demand. This action, thus participated in by both Herzer and Hamilton, accomplished an alteration of the terms of the original agreement. Its provisions for the payment to Hamilton of the contract price became modified, by force of the order requested by Hamilton and signed by Herzer, to the extent that the undertakings of Herzer in the order created new and inconsistent obligations upon Herzer's part as to the time and manner of payment. The order was clearly supplemental to the original contract. It was executed to enable that contract to be carried into effect as to its main provisions and purpose. As it was executed upon Hamilton's solicitation he could not escape its effect. Thereafter, to ascertain the real contract between the parties, the two papers must needs be read together. Together they expressed the contract under which the house was built.

This was not only true in so far as the immediate parties were concerned. It was true also as respects these plaintiffs and their rights. When the order was given the plaintiffs were absolute strangers to the matter. None of them had furnished aught of materials or performed a moment's labor. Herzer and Hamilton alone were the parties in interest, and they had ample power, unrestrained by any legal or equi-

table considerations or interests, to rescind or alter at will the executory contract between them. They were as free to act as they were two days before, when the original contract was made.

This view of the matter makes simple all the problems of the case. When, in September, Herzer paid the lumber company, he was not, as is claimed, making a payment in advance of the time stipulated in the contract, or otherwise than the contract called for. He was rather making a payment in strict conformity with the terms of the contract. Bound irrevocably by an obligation to a third party which was created pursuant to it and cotemporaneous with it, he was simply fulfilling that obligation. The obligation being fixed and having become certain in amount, he was, in satisfying it, simply doing what he was privileged to do at any time at will.

Again, the liquidation by Herzer, in September, of his obligation to the lumber company, was not in contemplation of law a payment at that time to Hamilton upon account of the contract price. It was, by relation back to the time when the obligation was incurred, a payment upon the contract price as of that date. At no time after Hamilton abandoned the contract was there any way of escape open to Herzer from paying the balance due the lumber company. His liability for whatever balance there should prove to be had been fixed upon the execution and delivery of the order. The payment with which the statute deals is by its language made payment to the original contractor. This payment, payment to Hamilton, was, in contemplation of law, under the contract as it existed between the parties thereto, made on March 26th, when the obligation to the lumber company was incurred. *Gridley* v. *Sumner*, 43 Conn. 14.

The facts disclose no foundation for an application of the principles of estoppel. It is not found that any of the plaintiffs had any knowledge of the terms of the contract between Herzer and Hamilton until after the latter's abandonment of the contract and after the plaintiffs had ceased to do work or furnish materials. Until that time, when their fears had

become aroused, none of them, so far as appears, had made any inquiries upon the subject. That none were made of Herzer is expressly found. The record is significantly silent as to any word or act of Herzer which could by any possibility have influenced any one of the plaintiffs to do what they did. All alike, apparently, blindly assumed that they would get their pay, and acted accordingly. They have only their mistaken confidence to thank for the result. They cannot accuse Herzer of being an inducing cause.

There is no error.

In this opinion the other judges concurred.