HOMER N. POPE *vs.* HATTIE P. ROGERS ET AL., EXECUTORS.

Third Judicial District, Bridgeport, October Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

The attestation by subscribing witnesses which the statute (§ 293) makes a prerequisite to the execution of a valid will, is designed to enable them to testify with certainty that the alleged testator put his name upon the identical piece of paper to which they attached their own signatures; and therefore a writing presented in court as a will does not satisfy the statutory requirements if it appears from the evidence of the so-called witnesses that the supposed maker did not sign the paper in their presence, and that for aught they know it was a mere blank sheet when they placed their own names upon it.

Argued October 24th—decided December 15th, 1917.

APPEAL from an order and decree of the Court of Probate for the district of Derby approving and admitting to probate a certain written instrument as the last will and testament of Frederick J. Pope of Derby, deceased, taken to the Superior Court in New Haven County and tried to the jury before *Tuttle, J.;* the court directed a verdict for the defendants, sustaining the will, and from the judgment thereon the plaintiff appealed. *Error and new trial ordered.*

This typewritten will has no attestation clause. It bears the signature of Frederick J. Pope and also the names of three persons written by them before the word "Witnesses." The evidence concerning its execution was confined to that of these three persons, all of whom were pupils of Mr. Pope attending a school kept by him. Their testimony was in full accord and to the following effect: Mr. Pope, who had been seated at his desk in the schoolroom, left it carrying a paper in his hand and approached a table at which the three pupils were seated. He thereupon presented the paper, and asked the three in turn to "sign it." They complied by writing their names successively, the one under the other. Whether the word "witnesses," which now appears appended to their names, was then upon the paper does not appear, save as they testify that they saw nothing thereon except such of the previously written witnesses' names as were upon it at the time that they respectively signed. Immediately upon the completion of the signing of the three names, Mr. Pope returned to his desk without another word having been spoken and without the witnesses having received from observation, statements of Mr. Pope or otherwise any further information concerning the paper or its contents or the purpose of their act.

*Harrison Hewitt* and *Charles E. Clark*, for the appellant (plaintiff).

*Charles S. Hamilton*, for the appellees (defendants).

PRENTICE, C. J. The instrument before us presents upon its face the appearance of a valid will. Although its form is inartificial, it is sufficient to meet the requirements of a testamentary paper. Passing from the appearance of the instrument itself to the evidence offered to show conformity to statutory requirements

in its execution, it appears that the subscribing signature which it bears is that of him whose will it purports to be, and that the three signatures purporting to be those of witnesses are the signatures of persons who attached their names to the paper at his request and in his presence.

Our statute (General Statutes, § 293) provides that no will or codicil shall be valid to pass any estate unless it be in writing, subscribed by the testator, and attested by three witnesses, each of them subscribing in his presence. The attestation by subscribing witnesses, which the law thus makes a prerequisite to the execution of a valid will, is designed to enable the witnesses who thus subscribe to testify with a great degree of certainty that the testator put his name upon the identical piece of paper upon which they placed their own. *Canada's Appeal*, 47 Conn. 450, 461. It imports knowledge on the part of the attesting witnesses of the existence of the testator's signature affixed to the paper subscribed by the witnesses, to the end that they may thereafter, when required, bear witness to that fact as a means of identifying the paper and its contents as the testator's own. *Canada's Appeal, supra*, 461.

To attest means "to bear witness to, . . . to affirm to be true or genuine." *McGuire* v. *Church*, 49 Conn. 248, 249. When, therefore, the statute prescribes that an instrument, to be a valid will, shall be attested by subscribing witnesses, it requires that these witnesses be competent to bear witness and affirm, if need be under oath, that those things existed and were done which the statute specifies shall exist and be done, and which they would be called upon to testify existed and were done when placed upon the stand for the purpose of proving the will. *Nunn* v. *Ehlert*, 218 Mass. 471, 474, 475, 106 N. E. 163.

One of the things which the law requires to be done

in the execution of a valid will is the signature of it by the testator.  This is an indispensable requisite of testamentary disposition, and one of the things therefore which witnesses called upon to attest are required to be able to bear witness to and by their subscription to bear witness to.

Turning now to the evidence presented in the present case in support of the admission of this will to probate, we find it utterly barren of proof that any one of its subscribing witnesses was qualified to attest the execution of the instrument by the person whose name is affixed thereto.  The testator did not sign the paper in their presence, and no one of them saw his signature thereon at any time.  For aught that they know the paper upon which, in response to the request that they sign it, they placed their names was a blank sheet without writing of any kind upon it.  It is not even attempted to be proved by the statement of Mr. Pope, or by other evidence, that it was otherwise.  There was no declaration by him that the paper bore his signature or contained his will, neither did he ask them to witness his will, his signature, or anything else.  The three young men were left in complete ignorance of the purpose for which their signature was desired and of any fact to which they could bear witness, save that they and each of them in the presence of Mr. Pope placed their names upon a sheet of paper which, now that it is presented in court, bears a writing purporting to be a will, with his signature appended thereto. When the will was written or the signature affixed they have no knowledge, and they and we must rely upon pure conjecture based upon reasoning from probabilities for such belief as they or we may have.  This certainly does not satisfy the requirements of the statute, and we have found no case, even among those which have gone to the greatest lengths in making a lax application

of the statutory requirement of attestation, which furnishes a precedent or the least authority for upholding an attestation made under the circumstances revealed by this record.

There is error and a new trial is ordered.

In this opinion the other judges concurred.