THE SWIFT AND UPSON LUMBER COMPANY *vs.* THE
W. L. HATCH COMPANY ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 10th—decided August 9th, 1932.

*Leo Gaffney,* with whom, on the brief, was *Donald Gaffney,* for the appellants (defendants John Boyle Company and the Galassi Marble & Slate Company).

*Richard T. Steele,* for the appellant (defendant the Neuman Manufacturing Company).

*Cyril F. Gaffney,* with whom, on the brief, was *Donald Gaffney,* appeared for the appellant (defendant Harry C. Billings).

*Harry B. Dinerstein,* appeared for the appellant (defendant the Pittsburgh Plate Glass Company).

*William F. Mangan,* was on the appellant's brief for the defendant T. H. Heslin.

*Edward A. Mag,* for the appellees (defendants The Rackliffe Brothers Company, Inc., and Kemp B. Batchelor).

*Harold N. Williams,* for the appellee (plaintiff).

*Carlos A. Richardson,* for the appellees (defendants The New Britain Woodworking Company, Inc., and Elizabeth Holmes, Executrix).

*Max L. Goldenthal,* was on the appellees' brief for the defendant M. F. Davenson.

AVERY, J. From the finding, it appears that A. P. Leavitt had a contract for the construction of a building on Washington Street, New Britain, owned by The W. L. Hatch Company. The plaintiff and all the defendants, other than the Hatch Company, were subcontractors of Leavitt in the construction of the building, and all the subcontractors fall within the class from whom a notice of intent to claim a mechanic's lien is necessary to entitle them to claim such a lien. The sum of $6610.48, which includes interest and costs as far as The W. L. Hatch Company is concerned, is due from it to the contractor, when all liens on the real

estate are discharged. The plaintiff, The Swift & Upson Lumber Company, and six other of the subcontractors have valid mechanic's liens upon the property; and the amount due to them is more than sufficient to absorb the entire balance owed by the owner to the principal contractor. The other eight defendants attempted to file mechanic's liens upon the property, the total amount of their claimed liens being in excess of $5000. The notices of intent to claim liens filed on behalf of these eight defendants with the owner, The W. L. Hatch Company, were filed within the time required by law, but none of them were "attested copies" of the originals, as required by General Statutes, § 5107, appended in the footnote. In respect to some of them, other irregularities were also claimed, which it is unnecessary to consider. The Hatch Com-

SEC. 5107. NOTICE OF INTENT. LIENS OF SUBCONTRACTORS AND MATERIALMEN. No person other than the original contractor for the construction, raising, removal or repairing of the building, or a subcontractor, whose contract with such original contractor is in writing, and has been assented to in writing by the other party to such original contract, shall be entitled to claim any such lien, unless he shall, after commencing, and not later than sixty days after ceasing, to furnish materials or render services for such construction, raising, removal or repairing, give written notice to the owner of such building that he has furnished or commenced to furnish materials, or rendered or commenced to render services, and intends to claim a lien therefor on such building; which shall be served upon such owner, if he resides in the same town in which such building is being erected, raised, removed or repaired, by any indifferent person, by leaving with him or at his usual place of abode a true and attested copy thereof; and, if such owner does not reside in such town, but has a known agent therein, such notice may be so served upon such agent, otherwise it may be served by any indifferent person, by mailing a true and attested copy of such notice to such owner at the place where he resides; and, when there shall be two or more owners, such notice to one of them shall be notice to all; and such notice, with the return of the person who served it indorsed thereon, shall be returned to the original maker thereof within said period of sixty days. No subcontractor, without a written contract complying with the provisions of this section, and no person who furnishes ma-

pany does not complain because of the insufficiency of the notices, and has suffered no loss or prejudice as a result thereof, but the plaintiff and the other subcontractors who have valid liens complain of the failure of these appellants to attest the copies of the notices served on their behalf on the owner, and seek to prevent a reduction of the amount to be realized by them from their liens by having those of the appellants declared invalid. The trial court held that the liens of these eight defendants, who have appealed, were ineffective, because "attested copies" of the notices of intention to claim liens were not served upon the owner as required by the statutes.

The only question involved in the appeal taken by these defendants is the correctness of the court's conclusion. The written copies of the notices of intention to claim liens served on behalf of these eight defendants on the owner were not attested by anyone or in any manner, and clearly were not "attested copies" as required by the statute. *McGuire* v. *Church*, 49 Conn. 248, 249. A case closely in point as to its facts is *White* v. *Washington School District*, 42 Conn. 541, 545. In that case, we held that the provisions of the statute must be complied with in order to enable a subcontractor to fix a lien upon the property of the owner; and that a mechanic's lien could not be created by agreement or by waiver of the owner to the prejudice of a party who had secured a valid lien upon the property by compliance with the statute. We there said: "The right to fix a lien on buildings and land, for a debt of this description, is created by positive law, and the acts required to be done must be done to

terial or renders services by virtue of a contract with the original contractor or with any subcontractor, shall be required to obtain an agreement with, or the consent of, the owner of the land, as provided in section 5105, to enable him to claim a lien under this section.

entitle the party to the benefit of the law. A lien cannot be created by agreement or by waiver, surely not to the prejudice of a third party, who has complied fully with the requirements of the law." In *McGann* v. *Sloan,* 74 Conn. 726, 727, 52 Atl. 405, we said that subcontractors, in the erection of a building "could . . . have acquired no valid lien unless within sixty days from the time they commenced to furnish materials or render services they gave written notice thereof, and of their intention to claim a lien, in the manner provided by the statute, to the then owner." In *Kelly* v. *Alling,* 84 Conn. 487, 492, 80 Atl. 782, we held that an owner would not be justified in holding back payments after they had become due the contractor by the terms of the original contract by a notice other than that provided by the terms of the statute. The principle that a mechanic's lien is the creation of statute, and that the provisions of the statute must be complied with to entitle a party to its benefits is recognized also in *Kinney* v. *Blackmer,* 55 Conn. 261, 263, 10 Atl. 568, and *Purcell, Inc.* v. *Libbey,* 111 Conn. 132, 137, 149 Atl. 225. Analagous cases are *McGuire* v. *Church, supra; Lorch* v. *Page,* 97 Conn. 66, 69, 115 Atl. 681; and *Commercial Credit Corporation* v. *Carlson,* 114 Conn. 514, 517, 159 Atl. 352.

As the law days fixed in the judgment have passed, it will be necessary for the Superior Court to enter a new judgment. *Tilden* v. *Century Realty Co.,* 112 Conn. 439, 441, 152 Atl. 707.

There is no error, and the cause is remanded to the Superior Court with direction to enter a new judgment fixing a new law day.

In this opinion MALTBIE, C. J., and HINMAN, J., concurred; HAINES and BANKS, Js., dissented.