THE CITY LUMBER COMPANY OF BRIDGEPORT, INC. *v.* TESSIE BORSUK ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued January 5—decided February 21, 1945.

*Raphael Korff,* with whom, on the brief, was *Benjamin M. Leipner,* for the appellant (named defendant).

*Herbert L. Cohen,* for the appellee (plaintiff) and also, with *H. Norman Kusnitz* on the brief, for the appellee (defendant Harry Rievman).

JENNINGS, J. This foreclosure involves the validity of and, if valid, the amount due on two mechanics'

liens. The finding, as corrected, recites the following facts material to the questions discussed on this appeal. In May, 1941, the defendant Borsuk, hereinafter referred to as the defendant, contracted with Paul Hahn for the construction of a six-room house and garage for $6900 in accordance with plans and specifications. The contract specified the times and amounts of payments. The plaintiff commenced to furnish materials on August 12, 1941, and made the last delivery on November 27, 1941. Harry Rievman had the subcontract for the plumbing and heating. He started to furnish materials and render service on September 1, 1941, and ceased on January 21, 1942. Both the plaintiff and Rievman were familiar with and relied on the general contract of May, 1941, between the defendant and Hahn before they started to furnish materials.

Hahn failed to complete his contract, and the balance due him was insufficient to pay the subcontractors and finish the house. On December 31, 1941, the plaintiff served on the defendant a notice of its intention to claim a lien. The following statement appears on this notice: "Within & foregoing is true and attested original notice of intention to file mechanics lien served by me on this day." On March 20, 1942, Rievman served a similar notice, bearing the following legend: "Then and there by virtue of the original notice of intention to claim a lien, I served notice upon Tessie Borsuk, the within & foregoing is a true copy of the original notice of intention to claim a lien with my doings thereon endorsed." Both were signed by indifferent persons.

The defendant objected to the introduction of this latter notice of intent on the ground that there was no allegation in the pleadings to support it. The objections were overruled and Rievman was given permis-

sion to amend his pleadings so as to make the evidence admissible. The record shows that this amendment was filed on September 7, 1943, two months after judgment, but as of the date when permission to file was given, May 25, 1943, the first day of the trial. Both of these parties eventually filed mechanics' liens.

The defendant maintains that certain items should be deducted from the unpaid balance of the contract price in determining the amount remaining due under it. Two of these are based upon claimed defects in the performance of work, but the finding of the trial court that it was not defective in the respects specified must stand. One item was a payment for certain work which the defendant now claims was made in the mistaken belief that it was an extra, when in fact it was work called for by the terms of the contract; but as the trial court has found that it was an extra, and that finding is not open to attack, the basis of this claim is destroyed. Another of the items was a sum of money which the plaintiff claims to have been a payment in advance of the time when it was due under the contract; the finding that this was an advance payment and not a loan to the contractor must stand; and, as it was made after the plaintiff had begun to furnish material under its contract to the knowledge of the defendant, she was not, under the express provisions of § 5108, entitled to the benefit of it against the plaintiff's claims.

The allowance of Rievman's amendment was assigned as error. Permission to amend was granted on the first day of the trial and the amendment eventually filed was, by order of the court, filed nunc pro tunc as of that day. The ruling was not erroneous under the circumstances. *Ireland* v. *Connecticut Co.*, 112 Conn. 452, 454, 152 Atl. 614. While the failure to file the amendment was evidently due to oversight on the part

of Rievman, and he could have avoided the defect in the pleading, the defendant, having acquiesced in the continuance of the trial upon the basis that the amendment would be filed and not having thereafter raised any objection to the decision of the case as though it had been filed, is hardly in a position to claim that the court might not permit the technical defect to be remedied nunc pro tunc. See 28 Words & Phrases (Perm. Ed.), p. 981; 1 Freeman, Judgments (5th Ed.), § 121; note, 3 A. L. R. 1403.

The defendant also claims credit for $450 paid by her for an oil burner. This was included in the original contract, but on July 17, 1941, prior to the time when either lienor commenced to furnish materials or services, the contract was modified without notice to them so as to permit the defendant to buy and pay for the oil burner. Payment was made by the defendant subsequent to the date when the lienors commenced to furnish materials and render services. The trial court concluded that this payment was not made in good faith.

This conclusion cannot be sustained on the facts found. General Statutes, § 5108, provides that an owner shall have credit for payments made to contractors in good faith before receiving notice of liens but that "No payments made in advance of the time stipulated in the original contract shall be considered as made in good faith, unless notice of intention to make such payment shall have been given in writing to each person known to have furnished materials or rendered services at least five days before such payment is made." Neither of these conditions was present. No notice of intention to file a lien had been filed and neither lienor had commenced to furnish materials and render services. It is true that payment was not made until after the latter event had occurred, but it

is held in *Abbey* v. *Herzer,* 74 Conn. 493, 497, 51 Atl.
513, that the payment relates back to the time when
the contract was modified and that, under the circum-
stances existing here, the owner is entitled to credit in
the absence of an estoppel. There is no finding that
the defendant knew of the submission of the original
contract to the lienors, nor are other facts found on
which an estoppel or actual, as distinguished from con-
structive, bad faith can be based. Ibid. The defend-
ant was entitled to credit for this payment.

The emphasis of the brief and oral argument was
on the obvious defects in the service of the notices of
intention to claim liens. General Statutes, § 5107, as
applied to this case, required that the notice be served
on the defendant "by any indifferent person, by leav-
ing with him or at his usual place of abode a true and
attested copy thereof." The first notice was described
in the indorsement of service as a "true and attested
original notice of intention" and the second as "a true
copy." Such departures from the simple directions of
a statute are not to be commended but the general
question is, do the defects in the notices render them
invalid under the statute?

The mechanic's lien legislation is remedial in char-
acter and should be construed so as to carry out its
fundamental purpose. *Pierce, Butler & Pierce Mfg.
Corporation* v. *Enders,* 118 Conn. 610, 615, 174 Atl.
169, and cases cited. Courts have been liberal in con-
sidering errors in matters of detail but have insisted
upon reasonable compliance with specific provisions
of the statute. So it has been held that a lien will not
be held invalid because of a mistake in stating the date
of ceasing to render services; *Westland* v *Goodman,*
47 Conn. 83, 85; or the amount of land covered
*Tramonte* v. *Wilens,* 89 Conn. 520, 524, 94 Atl. 978.
An oral notice or a simple letter has, however, been

held insufficient; *Kelly* v. *Alling*, 84 Conn. 487, 492, 80 Atl. 782; as have notices described in the opinion as not being attested copies of the originals. *Swift & Upson Lumber Co.* v. *Hatch Co.*, 115 Conn. 494, 496, 162 Atl. 19. On its face, the latter case would control the case at bar and would require judgment for the defendant. Examination of the record, however, reveals that, of the eight notices of intention held invalid in that case, seven were merely signed by the claimant and the eighth simply bore the indorsement that it was served by a deputy sheriff; and none of them contained in the indorsement any statement that it was a true copy, or the like. A-25 Rec. & Briefs, back of p. 612 et seq. They amounted to no more than the letter held insufficient in *Kelly* v. *Alling*, supra. The opinion must be read in connection with the facts on which it is based.

Coming to the specific instruments under consideration, it is apparent that neither is attested in the sense that this word precedes the signature of the indifferent person. To attest means "to bear witness to; . . . to affirm to be true or genuine." *McGuire* v. *Church*, 49 Conn. 248, 249. It is the act of signing under these circumstances rather than the addition of the word "attested" that is important. We hold that the signatures of the indifferent persons attached to the quoted statements are sufficient affirmations of their genuineness to satisfy the statute. *McGuire* v. *Church*, supra; *Pope* v. *Rogers*, 92 Conn. 248, 250, 102 Atl. 583; *Arrington* v. *Arrington*, 122 Ala. 510, 513, 26 So. 152; 4 Words & Phrases (Perm. Ed.), p. 771 et seq.

The plaintiff's certificate has the additional infirmity that, instead of being described as a true and attested copy as required by statute, it is certified to be a true and attested original. When the statute requires the service of a duplicate, meaning a duplicate

original, the service of a true and attested copy will not suffice because no copy can be as authentic as the original. *Lorch* v. *Page,* 97 Conn. 66, 72, 115 Atl. 681. The converse is not true. Nothing could be more authentic than a true and attested original. The statement was a sufficient compliance with the statute.

It follows that the judgment was correct except that the defendant should have been given credit in the final accounting for the $450 paid by her for the oil burner. The day of redemption having passed, the case must be remanded in any event for the purpose of setting a new date. *Swift & Upson Lumber Co.* v. *Hatch Co.,* supra, 498.

There is error in part, the judgment is set aside and the case is remanded to the Court of Common Pleas with direction to enter a new judgment modified in accordance with this opinion and fixing a new law day.

In this opinion the other judges concurred.