[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS AFTER EVIDENTIARY HEARING
This is an action for breach of lease which defendants have moved to dismiss based on insufficiency of process and lack of subject matter jurisdiction. The motion to dismiss was originally heard by Hennessey, J., who referred the motion to this court for an evidentiary hearing limited to the question of the validity of the deputy sheriff's service on the defendants Mark H. Swerdloff and Ileen Swerdloff of the summons and complaint by which this action was initiated. The claim of invalid service centered on the failure of the sheriff to serve defendants with an "attested copy" of the summons and complaint as required by 52-54 C.G.S.
Although a claim was made at the hearing before this court on June 1, 1993 that proper in hand service was not made on the defendant Ileen Swerdloff, we view this claim as not having been raised in a timely fashion and being outside the scope of this hearing.
Mark Swerdloff offered into evidence two sets of documents, marked Exhibits 1 and 2, which he testified were the copies of CT Page 5938 the summons and complaint served on him in October, 1992. The documents bore no stamped or written word "attest" or "attestation" or any signature of the officer, deputy sheriff Roberto, who made service. Mr. Swerdloff could not find, nor did he make any claim that there was, any difference in language between the copies served on him and the original documents subsequently returned to court by Sheriff Roberto under the return of service dated October 22, 1992, except for the court markings.
Sheriff Roberto testified that it was his common practice to stamp each signature page of a copy of process to be served with the word "attest" followed by his own signature. He could offer no explanation why he failed to do so with respect to Exhibits 1 and 2. His subsequent return of service filed in court certified that he "left a verified true and attested copy of the written original writ, summons and complaint with and in the the hands of" . . . the defendants.
52-54 C.G.S. requires service of a summons and complaint (in lieu of reading) "by leaving an attested copy thereof with" . . . the defendant.
Officers in Connecticut have traditionally been required when serving a summons and complaint to either read them to the defendant or leave "a true copy thereof with an endorsement or certificate to that effect thereon made and attested with the defendant" (underlining supplied). Connecticut Civil Officer, Joy, Nineteenth Ed. (1948) p. 231.
The purpose of requiring a copy served on a defendant to be "attested" is to affirm its genuineness. City Lumber Co. v. Borsuk, 131 Conn. 640, 646 (1945).
Attestation in the serving officer's name by his clerk on a copy served on a defendant was held to invalidate a garnishment, McGuire v. Church, 49 Conn. 248 (1881), even though a subsequent appearance by the defendant was held to waive any defect in service as far as he was concerned. Similarly, in City Lumber Co. v. Borsuk, supra, the court viewed the requirement in the mechanics lien statute, that "a true and attested copy" of the notice of lien be served on the owner as mandatory, holding, however, that a copy signed by the officer without being preceded by the word "attest" was sufficient to satisfy the statute. CT Page 5939
In the present case, we are not dealing with the garnishment or mechanics lien statutes, both of which are in derogation of common law and have been strictly construed, but Sec. 52-54, C.G.S., the statute dealing with service of process in general.
Courts throughout the country have been reluctant to invalidate service on a defendant based on a defect in service where the defendant subsequently appears and has not been misled by the defect.
The general rule has been stated in 62B Am.Jur.2d Process, in Section 78, as follows:
 "Many omissions and defects may be disposed of on the ground . . . that they relate to the omission from the copy delivered of . . . a signature on the process or summons which is only evidence of the validity of the writ and is not part of it."
 "In regard to the omission of the signature . . . of the officer serving the writ as required by the rules of court, it is patent the defendant could in no wise be misled; on the other hand it would seem equally clear that the copy delivered must distinctly inform the party served of the court and place at which he is to appear. It is also a general rule that defects in the copy delivered in the name of a party are not considered material where the party served is not misled, but the question when he will be regarded to have been misled must of necessity depend on the facts and circumstances of each particular case." (citations omitted).
Although there was a defect in the service on the defendants in that the officer serving them failed to attest the copies, the evidence shows that defendants, both attorneys-at-law, were not misled or prejudiced in any way and that they were served with true and accurate copies of the summons and complaint. They subsequently filed appearances in this action, and even though they reserved their rights by filing a timely motion to dismiss, their claim that this court has no personal jurisdiction over them in this case because of the attestation omission on their copies is not persuasive in CT Page 5940 light of the evidence. In Hartford National Bank Trust Co. v. Tucker, 178 Conn. 472, 479 our supreme court in interpreting Sec. 52-54 pointed out that the chief purpose of service "is to ensure actual notice to the defendant that the action is pending." In holding that a defect in service consisting of the omission of defendant's apartment number did not deprive the court of personal jurisdiction, Justice Sidor stated "It is not the policy of our courts to interpret rules and statutes in so strict a manner as to deny a litigant the pursuit of its complaint for mere circumstantial defects."
We can find no useful purpose to be served in this case by an over-strict view of the attestation requirement of 52-54, which at most would require the plaintiff to commence a new action by re-serving the defendants.
Motion to dismiss denied.
Wagner, J.