[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISCHARGE OR REDUCE MECHANIC'S LIEN
The present matter before the court involves a defendant's motion to discharge or reduce a mechanic's lien in a foreclosure action upon said lien.
On January 6, 1993, the plaintiff, Milone MacBroom, Inc. (hereinafter "plaintiff"), filed a mechanic's lien on the Middletown land records, in the amount of $14,000.00, for engineering services allegedly provided by the plaintiff for the defendants, Bysiewicz Corporation, principal, and Ameritage Corporation, Bysiewicz Corporation's agent, for the preparation of subdivision plans for property known as Long Hills Farms Subdivision, located in Middletown, Connecticut (hereinafter "subject property").
On April 20, 1993, the plaintiff filed the present action to foreclose CT Page 6711-E upon its mechanic's lien.
On April 27, 1993, the defendant, Bysiewicz Corporation (hereinafter "defendant"), filed its motion to discharge or reduce the plaintiff's mechanic's lien, pursuant to General Statutes Sec.49-35a(c). The defendant claims that the plaintiff's mechanic's lien should be discharged or reduced on the grounds that:
 a. The subject property to be foreclosed is not the same property described in the plaintiff's Notice to File Mechanic's Lien and Mechanic's Lien and violated state law[;]
 b. [t]he provisions of Connecticut General Statutes [Sec.] 49-34
have not been complied with in that not all of the owners of the property described in the plaintiff's Notice of Intent to File Mechanic's Lien and Mechanic's Lien were notified in a proper manner in accordance with state law[; and]
 c. [t]he plaintiff did not perform the services it seeks to be reimbursed for.
(Court file, defendant's motion to discharge or reduce mechanic's lien, Item #101.
The defendant's memorandum of law in support was filed May 27, 1993. The plaintiff filed its memorandum of law in opposition to the defendant's motion to discharge or reduce plaintiff's mechanic's lien on June 14, 1993.
On the same date, the defendant's motion to discharge or reduce the plaintiff's mechanic's lien was heard by the court.
General Statutes Sec. 49-35a(c) provides that "if an action for foreclosure of the lien is pending before any court, any party to that action may at any time prior to trial, unless an application under subsection (a) of this section has previously been ruled upon, move that the lien be discharged or reduced." General Statutes Sec. 49-35b provides that:
 (a) Upon the hearing held on the application or motion set forth in section 49-35a, the lienor shall first be required to establish that there is probable cause to sustain the validity of his lien. Any person entitled to notice under section 49-35a
may appear, be heard and prove by clear and convincing evidence CT Page 6711-F that the validity of the lien — should not be sustained or the amount of the lien claimed is excessive and should be reduced.
 (b) Upon consideration of the facts before it, the court or judge may: (1) Deny the application or motion if probable cause to sustain the validity of the lien is established; or (2) order the lien discharged if (A) probable cause to sustain its validity is not established, or (B) by clear and convincing evidence its invalidity is established; or (3) reduce the amount of the lien if the amount is found to be excessive by clear and convincing evidence; or (4) order the lien discharged or reduce the amount of the lien conditioned upon the posting of a bond, with surety, in a sum deemed sufficient by the judge to indemnify the lienor for any damage which may occur by the discharge or the reduction of amount.
A. Whether the different descriptions of the subject property in the plaintiff's mechanic's lien and that alleged in the complaint, in the present foreclosure action, are grounds to discharge the plaintiff's mechanic's lien.
General Statutes Sec. 49-33(b) states in part that "[t]he claim is a lien on the land . . . that the materials were furnished or services were rendered." Generally, a mechanic's lien, as a creature of statute, is strictly construed and governed by the statute or statutes which give rise to its availability, as a prejudgment remedy, for services or materials provided which benefit a particular parcel of land. See D. Caron, Connecticut Foreclosures, Sec. 13.01 (2d Ed. 1989).
However, the Connecticut Supreme Court has carved out an exception, to this general rule, when the description of the property within the mechanic's lien is overly broad. "[A] mere mistake in including more land than can be made subject to the lien will not void the lien. . . ." (Citations omitted.) Tramonte v. Wilens, 89 Conn. 520, 526-27, 94 A. 978 (1915).
 The mechanic's lien legislation is remedial in character and should be construed so as to carry out its fundamental purpose. Pierce. Butler Pierce Mfg. Corporation v. Enders, 118 Conn. 610, 615, 174 A. 169, and cases cited. Courts have been liberal in considering errors in matters of detail but have insisted upon reasonable compliance with specific provisions of the statute. So it has been held that a lien will not be CT Page 6711-G held invalid because of a mistake in stating the date of ceasing to render services; Westland v. Goodman, 47 Conn. 83, 85; or the amount of land covered Tramonte v. Wilens, 89 Conn. 520, 524, 94 A. 978.
City Lumber Company v. Borsuk, 131 Conn. 640, 645,41 A.2d 775 (1945).
In the present action, the plaintiff's mechanic's lien describes the subject property, as well as additional property not intended to be the subject of the plaintiff's lien. The property description of the subject property, within the mechanic's lien, although overly broad, satisfies the requirements of General Statutes Sec.49-33(a). The defective property description, in the mechanic's lien, does not render the mechanic's lien void as to the property which was properly the subject of the lien.
Therefore, even though the plaintiff's mechanic's lien describes more property that is properly the subject of the lien, this presents insufficient grounds to discharge the plaintiff's mechanic's lien.
B. Whether failure to notify any and all property owners, pursuant to General Statutes Sec. 49-34, renders the entire mechanic's lien void.
General Statutes Sec. 49-34 states in relevant part that "[a] mechanic's lien is not valid, unless the person performing the services or furnishing the materials, . . . serves a true and attested copy of the certificate upon the owner of the building, lot or plot of land in the same manner as is provided for the service of the notice in section 49-35." General Statutes Sec. 49-35(a) provides in relevant part that:
 The notice shall be served upon the owner or original contractor, if such owner or original contractor resides in the same town in which the building is being erected, raised, removed or repaired or the lot is being improved, or the plot of land is being improved or subdivided, by any indifferent person, sheriff or other proper officer, by leaving with such owner or original contractor or at his usual place of abode a true and attested copy thereof. If the owner or original contractor does not reside in such town, but has a known agent therein, the notice may be so served upon the agent, otherwise it may be served by any indifferent person, sheriff or other proper officer, CT Page 6711-H by mailing a true and attested copy of the notice by registered or certified mail to the owner or original contractor at the place where he resides. If such copy is returned unclaimed notice to such owner or original contractor shall be given by publication in accordance with the provisions of section 1-2. When there are two or more owners, or two or more original contractors, the notice shall be so served on each owner and on each original contractor. The notice, with the return of the person who served it endorsed thereon, shall be returned to the original maker of the notice within said period of ninety days.
In the present action, the plaintiff does not contest that certain property owners of land described in the mechanic's lien were not provided notice, pursuant to General Statutes Sec. 49-34. The plaintiff argues that where the additional property owners were inadvertently included by reason of an overly broad property description, the lien should only be held partially void as to those property owners who were not provided with statutory notice.
The plaintiff's argument is based on the same reasoning derived from the previously referred to decisions dealing with an overly broad property description within a mechanic's lien. See Tramonte, supra; also Borsuk, supra. Neither Tramonte nor the Borsuk decision dealt with the issue of a lienholder's failure to provide statutory notice.
Although a scrivener's error in the property description is not necessarily fatal to the lien, See Roundhouse Construction Corporation v. Telesco Masons Supplies Co., 168 Conn. 371,362 A.2d 778 (1975). Even though all intended property owners were given proper notice, the decision in Roundhouse Corporation Corp., provides that procedural due process requires that any and all property owners must be given notice of the mechanic's lien or the lien, in its entirety, will be rendered void. Id.; Kababik v. Hydraulic Repair Company, Inc., 7 Conn. L. Rptr. 280 (September 3, 1992, McGrath, J.), citing General Statutes Secs. 49-34 and49-35.
 It is fundamental that property cannot e[b] taken without procedural due process as guaranteed by the fourteenth amendment to the constitution of the United States and article first, Sec, 10, of the constitution of Connecticut. For more than a century, the central meaning of procedural due process has been clear. "Parties whose right are to be affected are entitled to heard; and in order that they may enjoy that right they must CT Page 6711-I first be notified." Baldwin v. Hale, 68 U.S. 223, 233, 17 L.Ed. 531; Windsor v. McVeigh, 93 U.S. 274, 23 L. Ed, 914; Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215; Grannis v. Ordean, 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363. It is equally fundamental that the right to notice and an opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62. The United States Supreme Court has reiterated that these fundamental requirements apply to the deprivation of "any significant property interest." Boddie v. Connecticut, 401 U.S. 371, 379, 91 S.Ct. 780, 28 L.Ed.2d 113.
Roundhouse Construction Corporation v. Telesco Masons Supplies Co., 168 Conn. 371, 376-77, 362 A.2d 778 (1975).
In the present action, the defendant's property interest are affected by the recording of the plaintiff's mechanic's lien. As a be result of the plaintiff's mechanics lien, the property owners have suffered a loss or a taking in that the plaintiff's mechanic's lien severely restricts the opportunity for and possibly of alienation. The plaintiff's failure to comply with the notice requirements, under General Statutes Sec. 49-34, renders the plaintiff's mechanic's lien void in its entirety.
Therefore, the court grants the defendant's motion to discharge the plaintiff's mechanics lien because the plaintiff failed to comply with the mandatory notice requirements, pursuant to General Statutes Sec. 49-34.
It is so ordered.