[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, on or about February 23, 1993 filed a mechanic's lien on the land record for the town of Staffordville in the amount of $9000.00 on certain real estate owned by the defendants Brian Bagley and Amanda Bagley.
The defendants have filed a Motion for Discharge or Reduction of the Mechanic's Lien.
Factual Background
Sometime prior to February 1993, the Bagleys contracted with Theodore Beuchert, d/b/a The Hartford Construction Group, Inc. as the general contractor (G.C.) to erect a residential dwelling on the property in question.
Thereafter on or about February 2, 1993, the G.C. entered into a sub-contract with Norman Nadeau d/b/a Nadeau Drywall Inc. (Nadeau), wherein Nadeau was to install the drywall for the house for $7800. The contract provided for the work to be completed on or about February 18, 1993.
Bagley paid the G.C. $3400 towards the dry wall work and the G.C. in turn gave Nadeau its check for $3400 on February 3, 1993.
On February 3, 1993 the sheetrock was delivered to the site and Nadeau started the work along with three others Nadeau had hired to help with the job. February 3, 1993 was a Wednesday. Nadeau worked on Wednesday, February 3rd, and on Thursday, February 4th, Nadeau was notified that the G.C. check for $3400 bounced. Nadeau reported the dishonored check to both Theodore Beuchert, the G.C. and to Brian Bagley on February 4th. Bagley responded that he had paid the G.C. and that the G.C. would therefore be paying him in turn. (Bagley's check to the G.C. was in fact deposited and honored). Beuchert told Nadeau to re-deposit the check and it would clear as he Beuchert was wiring money to the account. Satisfied with that representation Nadeau continued to work on Thursday and on Friday, February 5th. Sometime on Friday, Nadeau learned that the second check or the redeposited check would not clear and at that point (the end of the day) left the job.
The G.C. thereafter subcontracted with Windsor Texture Co., Inc. to complete the unfinished dry wall work and Bagley paid the G.C. $5500 in accordance with the invoice from Windsor Texture Co., Inc. (defendant's exhibit 3). The total amount paid by the Bagleys CT Page 9108 for drywall work was $8900 or $1100 over the original contract price.
Windsor Texture was on the job for eight to ten days: Nadeau was on the job for three days (plus approximately one half of a day on Tuesday, February 2, 1993 when he was measuring the job. Nadeau did not complete 50% of the job before leaving the project.
There are several issues to be resolved in this dispute, as follows:
Notice of Lien
The defendants claim the lien is defective because Nadeau failed to serve a Notice of Intent to File a Lien pursuant to § 49-35(a) of the general statutes, which provides in pertinent part, that no subcontractor except one "whose contract with the original contractor is in writing and has been assented to in writing by the other party to the original contract, is entitled to claim any . . . mechanic's lien, unless, after commencing, and not later than sixty days after ceasing to furnish materials or render services for such construction . . . he gives written notice to the owner of the building, lot or plot of land that he has furnished or commenced to furnish materials, or rendered or commenced to render services, and intends to claim a lien therefor on the building, lot or plot of land."
Our Supreme Court has addressed this issue and ruled that "there is no occasion for reading into § 49-35 an implied provision that as [a] matter of law the notice must be served on the owner prior to the filing for record of the certificate of lien under § 49-34" H S Torrington Associates v. Lutz Engingeering [Engineering]Co., 185 Conn. 549, 555 (1981). That case held that two separate notices are not necessary, and service of the lien certificate meets the notice requirements of the mechanic's lien statutes. The lien is not defective because the plaintiff did not serve a separate notice of intent.
Standing
The defendants claim that this suit was brought by Norman Nadeau d/b/a Nadeau Drywall, but that the contracting entity (and the entity which partially performed the work) was Nadeau Drywall, Inc. Therefore the claim is made that the plaintiff Norman Nadeau has no standing to file the lien. CT Page 9109
Norman Nadeau testified that his business was incorporated at one time and called Norman Nadeau, Inc. However, at the time of the contract in February 1993, the corporation had been dissolved and he was at that time a sole proprietorship. His contract with the G.C. was prepared on a form pre-printed with the name Nadeau Drywall, Inc. and Nadeau testified that he was merely using up his old forms. Nadeau's signature is a personal one, not signed in any corporate capacity.
From these facts the Court finds that Norman Nadeau d/b/a was the entity that entered into the contract with the G.C. performed the work, and brought the action. Accordingly, the plaintiff has standing.
Defective Service
The mechanic's lien statutes (§§ 49-34 and 49-35) set out the requirements for serving the certificate of lien. § 49-34 in relevant part states: "A mechanic's lien is not valid, unless the person performing the services or furnishing the materials, . . . serves a true and attested copy of the certificate upon the owner of the building, lot or plot of land in the same manner as is provided for the service of the notice in § 49-35.
§ 49-35 provides in relevant part that: "the notice shall
(emphasis added) be served upon the owner . . . if such owner . . . resides in the same town in which the building is being erected . . . by any indifferent person, sheriff, or other proper officer, by leaving with such owner . . . or at his usual place of abode a true and attested copy thereof."
In this case the building being erected was located on Virginia Lane in the town of Stafford. The Bagleys, prior to August 1992 had lived in Enfield, Connecticut. They sold their home in Enfield in June or July 1992 and as of August 1992 were living at 156 Orcuttville Road in Stafford Springs. The town of Stafford is comprised of three postal districts, Stafford, Stafford Springs and Staffordville. The districts of Stafford Springs and Staffordville are within the town of Stafford (Connecticut State Register and Manual).
The plaintiff made service on the Bagleys by mailing true and attested copies of the mechanic's lien to Amanda Bagley at 50 Kimberly Drive, Enfield, Connecticut 06082 and to Brian Bagley at CT Page 9110 the same address in Enfield. They were sent by certified mail return receipt requested and the sheriff's return states he received the return receipts on March 12, 1993. The Enfield Post Office forwarded the notices to the Stafford Springs post office where they were picked up by Amanda Bagley.
It is inescapable that service was not made in accordance with the statutory requirements.
The issue is whether this non-compliance with the statutory requirements of service will render the mechanic's lien void and thus dischargeable.
There are conflicting principles concerning mechanic's liens which come into play in deciding this issue.
On the one hand the mechanic's lien is a creature of statute.Computaro v. Stuart Hardwood Corp., 180 Conn. 545, 550 (1980). Because it is a creature of statute, a lienor must comply with statutory requirements in order to perfect his claim. H STorrington Associates v. Lutz Engineering Co., supra.
On the other hand, provisions of this law should be liberally construed so as to reasonably and fairly carry out its intent.Henry F. Robb Connecticut v. J. W. Fisher Co., 183 Conn. 108, 115
(1981). But while a generous construction is mandated that does not mean there can be a departure from reasonable compliance with the statutory provisions. Computaro v. Stuart Hardwood[,] supra, 550, 551.
While an error in the property description, or other scrivener's errors may not necessarily be fatal to the lien, a failure to comply with the statutory requirements of service deprives the court of jurisdiction. Proper service is a fundamental and mandatory requisite going to the matter of jurisdiction and is not a mere mistake which can be overlooked. See Milone MacBroom, Inc. v. Bysiewicz Corp., 8 CSCR 838, D.N. 68807 Middlesex J.D. (7/15/93, Higgins, J.); Close, Jensen Millerv. Lomangino, D.N. 91-47550, Tolland J.D. (7/25/91, Klaczak, J.)
The case at hand is thus distinguishable from those where errors on the face of lien certificate have not invalidated the lien. J. C. Penny Props., Inc., v. Peter M. Santella Co.,210 Conn. 511 (1989); American Home Builders v. Blonder, 6 CSCR 674
Tolland J.D., 6/14/91, Loiselle, S.T.R.); City Lumber Co. v.CT Page 9111Borsuk, 131 Conn. 640 (1945); Burque v. Naugatuck Lumber Co.,113 Conn. 350 (1931).
Because the defective service deprives the court of jurisdiction the Motion to Discharge the Mechanics's Lien must be granted.
Good Faith Payment to the General Contractor
The defendants argue that even if the Court were to find the mechanic's lien was not invalid on one of the jurisdictional grounds raised, the lien must be discharged because they paid the general contractor for the work done, in good faith under the terms of their contract with the G.C. The Court agrees that, from the evidence, this is indeed the case.
Nadeau contracted with the G.C. to do the drywall work for $7800.00. Nadeau did less than 50% of work by his own admission and that is corroborated by the number of days he was on the job — three days — as compared to the number of days the contractor who completed the job was there — eight to ten days.
The Bagley's paid the G.C. $3400 which is between 43% and 44% of the contract price. In addition the Bagleys paid $5500 to complete the unfinished dry wall work. From this analysis, the Court finds that the Bagleys made a good faith payment to the G.C. which was reasonable compensation for the work done by Nadeau. (Inferentially, Nadeau must have received some monies from the G.C. as his complaint, paragraph 5, claims the sum of $5637 as due under the contract. Although Nadeau did not testify that he did receive any payment it would seem from the pleadings that he received $2163.00. It is settled that the totality of the mechanic's lien is limited to the unpaid contract debt owed by the owner to the general contractor. Seaman v. Climate Control Corp., 181 Conn. 592,601-602 (1980).
Under the facts of this case the Bagleys have no unpaid contract debt to the G.C. and they are entitled to have the lien discharged.
For the foregoing reasons: the Motion to Discharge the Mechanic's lien is granted and it is ordered that said lien be discharged.
Klaczak, J. CT Page 9112